UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT
OF ILLINOIS FOR THE EASTERN DIVISION

**RECEIVED**

Aug 8, 2008
AUG 8 2008    MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Michael Thomas,
Plaintiff,

v.

H.B. Garner,
Lt.Michael Buczkowski,
Crystal Mason,
Library Staff Mrs.Baker,
Counselor E. Butkiewicz,
Correctional Officer
Massey, Correctional
officer Smith,
Lt.Myers,
Defendants.

In their Individual and
Official Capacities.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.
08cv4535
JUDGE CASTILLO
MAGISTRATE JUDGE VALDEZ

Civil Rights Complaint
pursuant to 42 USC
section 1983 (State prisoner)
action against State Officials
for Federal Constitutional
violations.

Demand for Jury trial.

---

NOW COME, plaintiff, Michael Thomas, pro se, stating as follow:

My current address is:

Prison Registration No.B-71744
Menard Correctional Center
711 Kaskaskia st.
P.O. BOX 711
Menard, Illinois  62259

The above listed defendants are all employed at Stateville
Correctional Center, or was so employed, between April 1,2006
through August 1,2007.

**Parties:**

H.B. Garner was employed as a Correctional Officer at Stateville
Correctional Center in July of 2008. Garner's full name is
unknown to plaintiff at this current time. Garner worked in
the F-House Unit at Stateville prison on 7-18-08. Garner is an
male black. Garner worked on 7-3 shift.

Lt.Michael Buczkowski worked in the F-House Unit at Stateville
prison around or between April 1,2006 through September 7,2006.

Crystal Mason worked at the Stateville Library around or
between April 1,2006 through September 7,2008. Mason is an
African-American female approximately 5' tall.

Mrs.Baker also worked at the Stateville Library around or between April 1,2006 through August 1,2008. Mrs.Baker is an African-American. Baker is approximately 6' tall, and is also allegedly the Library Supervisor at Stateville's Library.

Counselor E. Butkiewicz worked in F-House Unit at Stateville prison around or between April 1,2006 through August 1,2008. Counselor Butkiewicz's full name is unknown to plaintiff. Butkiewicz is a white male approximately 5'4" in height.

Correctional Officer Massey worked in F-House around or between April 1,2006 through August 1,2008. Massey's full name is unknown to plaintiff at this current time. Massey is a white male approximately 250 Ibs, and works on the 7-3 shift.

Correctional Officer Smith worked in the F-House Unit at Stateville prison around or between April 1,2006 through August 1,2008. Smith's full name is unknown to plaintiff. Smith is a white female with reddish color hair and has green eyes. Smith works on the 7-3 shift.

Lt.Myers worked in the F-House at Stateville prison around or between April 1,2006 through August 1,2008. Myers is a middle age white male. Myers worked on the 3-11 shift.

## Preliminary Statement

This is a civil rights action filed by plaintiff, Michael Thomas, whom is a State prisoner, for damages relief per 42 USC section 1983, alleging officials violated his rights to the 8th Amendment when excessive force was used against the plaintiff, and also when plaintiff was denied basic humane hygiene needed items, and supplies due to his pauper status.

When plaintiff was incarcerated at Stateville prison in 2008, Correctional Officer H.B. Garner attacked plaintiff, physically, by striking plaintiff several times with a closed clenched fist; Garner also struck plaintiff with several other items. The authorities in Springfield, Illinois (Investigation Unit), were pursuing criminal charges against Garner Garner for attacking plaintiff. Garner allegedly was disciplined for his unnecessary use of force.

Plaintiff also brings this complaint against remaining defendants for denying plaintiff hygiene items and legal supplies when the defendants were aware of the fact that plaintiff was a pauper, and because of the government and it's employees being omniscient to the fact that the State took 100% of all of plaintiff's incoming money and all of plaintiff's prison pay, officials had a duty to provide "basic human needs in a civilized society." However, the defendants refused to provide trivial items such as soap, tooth-paste, toothbrushes, shampoo, deodorant, or stationary supplies and then told plaintiff Stateville prison would not provide those items because the prison was on a "budget" even though the prison

confiscated 100% of plaintiff's money.

Defendants also forced plaintiff to live in a cell with damaged window causing water from rain to come inside cell frequently. Rain would also get on plaintiff's person. Officials acts and or omissions here were not minor delays; plaintiff experienced these matters nearly 5-6 consecutive months for hygiene items and cell conditions, and nearly 1 1/2 years for legal supplies.

The 8th Amendment clearly debar unconstitutional use of force; denying indigent prisoners basic human needs; and living in inhumane gruesome conditions.

## Jurisdiction

1) This Court has jurisdiction over the plaintiff's claims for violations to the United States Constitution pursuant to prisoners in State custody per 28 USC section 1331 (A) and 42 USC section 1983.

2) All of the defendants in this complaint work for the State of Illinois and or are contracted by or through the State, or the Department of Corrections to the best of plaintiff's knowledge, and therefore, act under color of State law.

3) Stateville Correctional Center is located in Joliet, Illinois, county of Will.

## Litigation History

1) Plaintiff filed a complaint against different prison officials when he was incarcerated at Pontiac prison for deliberate indifference to a serious medical need. That case was disposed of in the Central District of Illinois during Summary Judgment. (see Case No.04-1321)

2) Plaintiff mistakeningly filed a complaint with the Northern District for another matter against his former attorney for breach of contract for issues regarding plaintiff's criminal case. (see Case No.05 C 3988) This matter was then properly refiled in State Court and is currently pending. (see Case No.200 61177456)

3) Plaintiff filed a section 1983 in the Central District for officials using excessive force in an unrelated case. The defendants in that case were not held liable after a jury trial. (see Case No.06-3020)

## Exhaustion of Administrative Remedies

1) The Illinois Department of Corrections provides a grievance procedure to prisoners in State custody.

2) Plaintiff exhausted those remedies for the excessive force claim, being deprived of hygiene items, legal supplies, and the claim about inhumane living conditions of cell. (see the exhibits attached hereto)

3) The grievance process has therefore been completed and exhausted. (see attachments and responses from staff at the Illinois Department of Correction.)

---

## Witnesses In Support of Claims

1) Inmate Frank Taylor #N-83104
2) Inmate Michael Wright #R-48503
3) Inmate Edwin Martinez #R-27255
4) Inmate Michael Threlkeld #K-66117
5) Inmate Karl Haywood #R-40742
6) Inmate Donnie Toney #K-80660
7) Stateville C.C. Counselor, S. Bass
8) Stateville C.C. Adjustment Committee CP, Adrienne D. Johnson
9) Stateville C.C. Adjustment Committe BM, Margaret M. Thompson
10) Stateville C.C. Counselor, Jerry Baldwin
11) Stateville C.C. Counselor, Cynthia Harris
12) Stateville C.C. Internal Affairs Investigator Ricardo Tejeda
13) Stateville C.C. Internal Affairs Investigator Don Quarles
14) Stateville C.C. Medical Technician, Costello
15) Springfield Investigator Unit, Investigator Grant Ogburn
16) Illinois State Police Special Officer of Forensics, Harry Reed
17) Plaintiff does not currently have the names of other witnesses at the filing of this complaint

## Statement of Claims and Chronology of Events

1) Plaintiff, Michael Thomas, an inmate of the Illinois Depart-
ment of Corrections, was transferred to Stateville Correctional
Center on or about April 26,2006.

2) From May 7,2006 to September 5,2006 plaintiff was housed in
the F-House Unit near chow hall in Stateville prison, and he
specifically resided in cell #F-213 for the time frame stated
in this paragraph.

3) Before tranferring to Stateville prison on 4-26-06, plaintiff
had a negative Trust Fund balance in his prison account and was
determined by the previous prison (Pontiac C.C.) that plaintiff
was a pauper, and because of such, Pontiac C.C. provided an
indigent bag (hygiene items) and legal supplies to plaintiff on
a regular basis. (see plaintiff's prison audit marked as Ex #1)

4) While plaintiff was incarcerated at Stateville from 4-26-06
to 8-29-07, plaintiff's account at prison remained negative.
(see Stateville prison's audit of plaintiff's account marked
as Ex #2)

5) From 4-26-06 to 8-29-08, 100% of plaintiff's incoming money
was confiscated by prison officials. (see Ex #2)

6) Although officials at Stateville confiscated 100% of plaint-
iff's monies, officials would not provide adequate hygiene
items or legal supplies.

7) Stateville officials were aware of plaintiff's indigent
status but refused to provide basic supplies.

8) The only hygiene item that officials passed out was soap,
however, the net weight of the soap passed out was only
approximately 1/3 of an average 4.5 oz (127g) bar of soap, and
authorities only provided 1-2 bars of this small size soap
(similitude of the size of hotel soap) once every 1 1/2-2 months
from 5-7-06 to 9-5-06 when plaintiff was housed in F-House Unit.
Prison officials did not pass out any other items such as tooth-
paste, toothbrushes, shampoo, deodorant, etc. (see affidavits
of inmate witnesses attached hereto)

9) Plaintiff repeatedly made complaints about not being provided
adequate hygiene items due to his pauper status and defendants,
Myers, Smith, Buczkowski, and Massey would not provide same.

10) Because defendants mentioned in the previous paragraph did
not provide hygiene items, plaintiff spoke to Counselor on
5-18-06, 5-19-06, 6-1-06, 6-6-06, 6-15-06, 6-29-06, 6-30-06,
7-6-06, 7-13-06, 8-3-06, and 8-31-06 and repeatedly attempted
to obtain hygiene items. Counselor Butkiewicz told plaintiff
to stop complaining. (see affidavits of witnesses)

11) Plaintiff spoke to Lt.Buczkowski personally also on
6-9-06, about not having hygiene items and again on 7-25-06,
7-26-06, 7-27-06, 7-28-06, 8-2-06, 8-5-06, 8-7-06, 8-11-06,
8-15-06, 8-16-06, 8-17-06, 8-22-06, and 8-23-06 and the
Lt.Buczkowski told plaintiff that because Stateville prison
was on a budget that authorities could not, or would not,
provide hygiene items. Buczkowski also stated these facts again
to Counselor Bass in plaintiff's prison grievance (that officials
were not passing hygiene items out to indigent prisoners because
of "Budget restraints." (see Ex #3)

12) Counselor Butkiewicz told plaintiff that authorities pass
out hygiene items but only "when they have them." (see Ex #4)
Butkiewicz also made plaintiff wait nearly to September of 2006
before he provided hygiene items after being in F-House since
the beginning of May of that same year. (see Ex #11 dated
the end of August of 2006 by Butkiewicz.)

13) Plaintiff spoke to Correctional Officer Massey on 7-10-06,
7-14-06, 7-21-06, 7-22-06, 7-28-06, 8-7-06, 8-18-06, 8-22-06,
8-23-06, and 8-25-06, and on other dates about hygiene items
and Massey repeatedly stated Stateville prison did not have
the items and for plaintiff to make his complaints with his
counselor (Butkiewicz) and Lt.Buczkowski who constantly denied
all of plaintiff's requests due to "budget restraints."

14) Correctional Officer Smith told plaintiff on numerous
occassions, including but not limited to, on 7-27-06, 8-7-06,
and on other dates, that she was not authorized to get supplies
when Buczkowski was her supervisors, and had already denied
plaintiff's requests.

15) Lt.Myers told plaintiff on several occassions, including
but not limited to, 7-31-06, 8-5-06, 8-11-06, and numerous
other dates, that he (Myers) could only give "court writs
hygiene items" on his shift and that all other requests must
be made to Lt.Buczkowski on the 1st shift although plaintiff
had been denied those requests by Lt.Buczkowski and staff on
Buczkowski's shift.

16) Plaintiff also complained to defendants, Buczkowski, Smith,
Massey, Butkiewicz, and Myers about plaintiff's cell window
being damaged and or broken. The latches on the windows were
completely torn off causing cold air and rain to come in to
the plaintiff's cell. (see affidavits of several witnesses)

17) Plaintiff complained of cold air (without heater on) mainly
during the night time when the temperature would drop. Plaintiff
complained also of rain in his cell. Plaintiff experienced cold
air and or rain on May 9,2006 through May 13,2006. Plaintiff also
experienced rain on June 16,2006 through June 19,2006; Rain on
June 22,2006 and June 23,2006: Rain on June 26,2006 and June 27,
2006; Rain on 7-2-06 through 7-3-06; Rain on 7-11-06; Rain on
7-20-06 through 7-22-06; Rain on 7-25-06; Rain on 7-27-06; Rain
on 8-3-06; Rain on 8-9-06 through 8-10-06.

18) Defendants were aware of the damaged windows in various cells in the F-House Unit and plaintiff's cell but they would not have the windows repaired and would not relocate plaintiff to a more humane cell. (see affidavits of witnesses; also see Ex #5)

19) To prevent rain from constantly getting in plaintiff's bed while plaintiff was sleeping, he put a cover over the window to protect himself and the cell, and his property, but defendant Buczkowski issued plaintiff disciplinary INFRACTION for trying to keep rain out of cell on 6-17-06 and 6-22-06. (see Ex #6 and Ex #7) As a result, plaintiff received punishment from officials for hanging that cover/blanket on window to keep the rain out. (see Ex #8)

20) Stateville officials are required to fill out the proper paperwork ("work orders") to have repairs fixed for inmate cells, and or officials can call maintenence staff directly.

21) Stateville C.C. also actually makes hygiene items such as soap, on the prison grounds, and allegedly provides hygiene items stated in this complaint and paragraph to other facilities State wide.

22) Because plaintiff did not have a new toothbrush, he had to use an old worn out toothbrush that tore his gums and inner lips causing pain and bleeding. Plaintiff was eximined by a Doctor on 8-4-06 for these complications. (Refer to medical records)(see EX #20)

23) On 8-4-06 the examining doctor stated the gums and lips were damaged and then also attempted to obtain a new toothbrush for plaintiff by informing officials, but doctor was told that the prison at Stateville did not have same. The doctor then prescribed medication, including pain medicine for plaintiff's damaged gums and lips. (See EX #20 and EX #21)

24) On 8-11-06 plaintiff spoke to another medical staff, Dr.Dena Trailor, about trying to obtain hygiene items and Dr.Trailor stated inmates in F-House always complained that staff did not provide them with adquate hygiene items. (see Ex #19)

25) On 8-17-06 plaintiff went to Dentist because his gums and lips were still damaged and causing pain. The Dentist initially believed plaintiff may have had a oral infection or disease because his gums and lips badly damaged, but the Dentist called plaintiff back to the Dental Office the following day on 8-18-06 to further evaluate the matter; On 8-18-06, the Dentist concluded that plaintiff's old worn out toothbrush was causing the damage, not an oral disease. The Dentist also provide plaintiff with a new toothbrush on 8-18-06.(See EX #22)

26) Because defendants were not providing adequate hygiene items, plaintiff would have to sell/trade meals provided by the State, to other inmates, to get certain hygiene items, if other inmates had them, or was willing to accept plaintiff's food. (see affid-avits attached hereto)

27) Plaintiff also had to sell/trade meals provided by the State to procure stationary items, including legal supplies because prison library staff (defendants Mason and Baker) would not provide such on a regular basis or adequate amounts. Plaintiff filed prison grievances on this issue as well. (see Ex #9, Ex #10, and Ex #11)

28) Prison authorities denied all of plaintiff's grievances for legal supplies (pens, paper, envelopes) and hygiene items. (see Ex #3, 5, 9, 10, 11, 12, and 13)

29) The grievance office at prison also threatened plaintiff with disciplinary action for selling/trading his food to obtain basic human needs such as hygiene items, cleaning supplies, and stationary supplies. (see Ex #3, and 11)

30) Library staff (defendants Mason and Baker) refused to provide adequate stationary supplies for nearly 1 1/2 years; Mason and Baker **also** stated plaintiff was denied these legal supplies due to **"budget restraints."** (see Ex #12)

31) All defendants were repeatedly informed of plaintiff's indigent status for the remainder of his stay at Stateville at various times and dates, but plaintiff still had to deprive himself of nutrition because he had to sell/trade food provided by the State just to obtain hygiene items and stationary items. (see affidavits of witnesses) Stationary supplies were necessary because plaintiff had several other matters that he was litigating pro se, which defendants were aware of. (see Ex #11)

32) On 7-18-07, while in F-House Unit at Stateville in cell #F422, Correctional Officer H.B. Garner, used unnecessary force on plaintiff when defendant approached plaintiff's cell and physically attacked plaintiff.

33) Defendant Garner went to plaintiff's cell on 7-18-07 and struck plaintiff with a roll of toilet paper and several other items, striking plaintiff about the back, head and face; Plaintiff was brushing his teeth when defendant Garner did so. When plaintiff asked Garner why he struck plaintiff with those items, Garner laughed and told plaintiff "to go sit down because [Garner] was just playing around." Plaintiff told Garner that he didn't feel Garner's behavior was appropriate and that plaintiff would be reporting Garner to officials.

34) After Garner heard plaintiff planned to report Garner's unprofessional acts, Garner then became aggressive and put his finger in plaintiff's face and told plaintiff to "let the [issue] go." Plaintiff told Garner to get his finger out of plaintiff's face then Garner pushed plaintiff's mouth with his finger and told plaintiff again to go sit down.

35) Once defendant Garner put his finger on plaintiff's face (mouth), plaintiff removed Garner's hand from off his face and then Garner struck plaintiff with a closed clenched fist brusting plaintiff's lips causing pain and bleeding.

36) Plaintiff asked why defendant Garner punched plaintiff in his mouth and then defendant Garner then punched plaintiff again, a second time, in plaintiff's mouth, chipping plaintiff's teeth and causing unnecessary pain and bleeding.

37) Defendant Garner then made another comment stating "I told you to sit down and to let that 'shit' go." Because plaintiff was angered by Garner's unprofessional behavior, plaintiff then spit at Garner <u>After</u> Garner had already attacked plaintiff and breaking plaintiff's teeth and bursting his mouth.

38) Defendant Garner then said "you just Fucked up" and called for back up; other prison staff immediately reported to plaintiff's cell and handcuffed plaintiff and then put plaintiff in a bullpen cage.

39) 1-2 minutes later Stateville prison Internal Affairs Investigators, Don Quarels and Ricardo Tejeda, reported to the scene and spoke to prison staff before taking plaintiff to their office (Internal Affairs Office.)

40) While at the Internal Affairs Office, plaintiff told the investigators what occurred with defendant Garner. These investigators stated that Garner claim that plaintiff attacked him for no reason but simply because Garner was staff. Investigators also stated that Garner denied attacking plaintiff, or usin any kind of inappropriate force whatsoever.

41) Investigators noted that plaintiff's mouth was enlarged from swelling and bleeding. Investigators also noted plaintiff's shirt contained blood on it. As a result of these findings, the investigators called medical staff to examine plaintiff.

42) A medical technician (Costello) reported to the Internal Affairs Office with medical equipment. The medical technician Costello confirmed the bloody mouth from lips being burst open, as well as swelling to same. Costello also provided medication for the damaged mouth. Investigators Tejeda and Quarels copied all of Costello's medical injury reports, then spoke to their supervisors and initiated an investigation because accordingly to the investigators, Garner had been untruthful in their investigation. Defendant Garner had also been treated for a hand/wrist related injury. Investigators also confiscated plaintiff's shirt with blood on it for their investigation. (see Ex #14)

43) On or about 8-2-07 around 1:00 p.m. plaintiff was taken to Internal Affairs Office again. When plaintiff arrived at the Internal Affairs Office, present was a Special Investigator from Springfield, Illinois, Investigation Unit, by the name of Grant Ogburn. This Special Investigator investigates staff

misconduct once Stateville investigators report wrongful
misconduct of State employees.

44) Special Investigator, Grant Ogburn, informed plaintiff that
his office was investigating defendant Garner for the 7-18-07
incident and Ogburn's Office needed plaintiff to cooperate with
the investigation because Garner had lied and stated plaintiff
attacked him and the investigators stated that the evidence from
their investigations proved Garner initiated unnecessary physical
violence against plaintiff. (These reports are in investigation
files that are not in plaintiff's possession; authorities keep
these documents stored.)

45) Investigators also claim that surveillance cameras that are
posted in the F-House Unit, allegedly captured Garner's actions
on the day of question, and that Garner had previously been
investigated for similar matters of misconduct. (see Ex #15)

46) Special Investigator Ogburn stated his office in Springfield,
Illinois, were pursuing criminal battery charges against Garner
and asked plaintiff to assist authorities. Ogburn also asked
plaintiff to take a polygraph. Plaintiff agreed to assist
authorities in any manner.

47) On 8-24-07 Special Investigator Ogburn returned to Stateville
prison with an Illinois State Police Forensic Specialist and
Illinois State Police.

48) Illinois State Police interviewed plaintiff about Garner's
actions again on this date. (8-24-07) Forensic Examiner, Harry
Reed, then administered a polygraph test on plaintiff. The
polygraph further confirmed plaintiff's account when plaintiff
passed the test. (see Ex #16 and #17)

49) Although plaintiff was initially given 1 year segragation
by prison adjustment committee because of Garner's false version
of the incident, the Director's Office for the Illinois Depart-
ment of Corrections, reduced that punishment because Investiga-
tors stated plaintiff was provoked when he spit at Garner **after**
Garner attacked him first. (see Ex #18)

50) Defendant Garner was not only investigated for the 7-18-07
incident, but Garner was also allegedly disciplined for his
unnecessary use of force and misconduct for that same incident.

51) A few months later, the Dental Office at Pontiac prison
repaired plaintiff's chipped teeth by shortening the teeth and
smoothing them due to defendant Garner punching plaintiff in
his mouth on 7-18-07 when Garner's use of force was not called
for and unwarranted.

52) All of defendants acts and or omissions were unconstitutional.

Respectfully Submitted,

Plaintiff, pro se.

## Relief Requested

A) <u>Award of compensatory damages in following amounts</u>:

1) $1,000,000 jointly and severly against defendant H.B. Garner
for damaging plaintiff's teeth and mouth from using unnecessary
excessive force, and causing plaintiff needless pain and suffering

2) $250,000 jointly and severly against defendants Lt.Buczkowski,
Crystal Mason, Baker, E. Butkiewicz, Massey, Smith, and Lt.Myers
for failing to provide adequate hygiene items and stationary
supplies, causing plaintiff to sell/trade food and depriving
himself of nutrition, and forcing plaintiff to live inhumanely
as described in this complaint.


B) <u>Award of punitive damages in following amounts</u>:

1) $1,000,000 jointly and severly against defendant Garner for his
unconstitutional use of force and for the damages cause by Garner
and to deter future acts.

2) $250,000 jointly and severly against defendants, Buczkowski,
Mason, Baker, Butkiewicz, Massey, Smith, and Myers for their acts
and omissions per complaint, and to deter future unconstitutional
acts and omissions.




Respectfully Submitted,

Michael Thomas,
Plaintiff pro se.


Michael Thomas #B-71744
Menard Correctional Center
711 Kaskaskia st.
P.O. BOX 711
Menard, Illinois  62259

## <u>A F F I D A V I T</u>

I, Michael Thomas, plaintiff pro se in this complaint, hereby
declare and affirm that all facts, events, accounts, or versions
occurrences, are true to the best of my belief and knowledge.
I further assert that same are pursuant to 28 USC 1746, 18 USC
1621, and or 735 ILCS 5/1-109, and that this matter is not taken
frivolously or maliciously, but the foregoing matter is taken
in good faith.


Signed on today,  *August 4, 2008*

_____
**Plaintiff/Affiant**

## Proof and/or Certificate of Service

Please be advised that plaintiff, Michael Thomas, has filed
the foregoing complaint, exhibits, memorandum of law in support
of complaint, affidavits, and Motion to proceed in forma pauperis
status, by placing same in the U.S. mailing system provided at
the Menard Correctional Center on today, _8-4-08_, and same
were properly addressed to the below listed persons and Court.

To: United States District Court        To: Attorney General
    Northern District Of Illinois             Lisa Madigan
    for Eastern Division                      100 W. Randolph st.
    219 S. Dearborn, 20th floor               suite #10-500
    Chicago, Illinois  60604                  Chicago, Il 60601

---

I, Michael Thomas, further declare under penalty of perjury
that I am the so named plaintiff in this matter and that all of
the documents provided to the Court are true, including the
complaint and attachments thereto, to the best of my knowledge
and belief per 28 USC 1746 and 18 USC 1621.

Dated: _8-4-08_

_Michael Thomas_
plaintiff, pro se.

Michael Thomas #B71744
Menard C.C.
711 Kaskaskia st.
P.O. BOX 711
Menard, Il 62259

Ex #3 (1 of 4)

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

Date: 8-29-06    Committed Person (Please Print): michael Thomas    ID#: B71744

Present Facility: Stateville    Facility where grievance issue occurred: Stateville

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report ___/___/___
  Date of Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Disability
- [x] Other (specify): Personal Hygiene supplies

Received SEP 1 8 2006

1257    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: I'm filing this grievance against counselor Butherwitz in F-House seg unit and prison employee's for constantly overlooking my complaints and requests for personal hygiene items for nearly 4 months. Today on 8-29-06 counselor Butherwitz finally sent me a hygiene bag (deodorant, toothpaste and toothbrush) after I had been complaining to him about the guards not passing out these items since I have been in seg. counselor Butherwitz told me on a few previous occasions and in other grievances that staff don't always have these items because they are out. I understand what counselor Butherwitz said about staff always running out but what officials fail to realize in that is a new in fact; therefore I don't have anything like the other inmates as a I've been in seg for almost 4 months and

Relief Requested: 1) For poor inmates to be provided regularly with adequate personal hygiene items used in a timely fashion and 2) To make sure prison officials keep these items in stock please. Thank you.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Committed Person's Signature    ID#    Date

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: 9 5 06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: PER LT. BUTCH, DUE TO BUDGET RESTRAINTS F-HOUSE CURRENTLY DOES OT HAVE ANY CLEANING SUPPLIES. LTS DOES BLAM THAT I'M WAS MOVED TO FOUR ON 5/27/06.

_____    _____    9 5 06
Print Counselor's Name    Counselor's Signature    Date of Response

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Ex #3 (1 of 4)

_____    ___/___/___
Chief Administrative Officer's Signature    Date

DOC 0046 (Eff. 10/2001)

I'm just now receiving hygiene items. I'm not saying inmate should be given whatever they want but we should not have to wait as long just to get regular hygiene items to take care of personal hygiene. Counselor Butkiewicz said on few occasions that staff knows we are out, but that's just the point — staff should keep these items stored because some of us like myself don't have money to buy these items and then we have to sell our food to other inmates for cosmetic items. We are only given one each here to say by staff and we don't get that half the time. Staff here in R-house should make sure that they have enough supplies if that is the issue. I'm not trying to insult Counselor Butkiewicz by filing this grievance or cause any other staff time but I don't think it was fair that I had to go through all of this for almost a month when Counselor Butkiewicz and staff know that this is always a problem because Counselor Butkiewicz even said one day that he was "tired of inmate always complaining about hygiene items." So I hope that by filing this grievance staff will start keeping these items for poor inmate like myself because we shouldn't have to go without toothpaste, shampoo, soap, toothbrushes or deodorant. I'm transfer that Counselor Butkiewicz did not do a hygiene bag on 8-26-06 which I received on 8-29-06. Last I had to wait almost 4 months because staff always claims to have some out. I'm asking that staff be more considerate to our inmate concerns and to make sure we have adequate personal hygiene items in the future. Thank you. End of grievance.

Ex #3 (2 of 4)

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: September 18, 2006          Date of Review: September 18, 2006          Grievance # (optional): 1257

Committed Person: Michael Thomas                                                      ID#: B71244

Nature of Grievance: Staff Conduct; Other-Personal Hygiene Items

**Facts Reviewed:** Grievant alleges that Counselor Butkiewicz constantly overlooks grievant's complaints and requests for personal hygiene items for four months. On August 29, 2006, Counselor Butkiewicz finally brought him a hygiene bag. Grievant states that he sometimes had to sell his food to other inmates to get basic hygiene supplies.

Counselor states that per Lt. Buczkowski, due to budget restraints, F-House currently does not have any cleaning supplies. OTS does show that inmate was moved to P213 on 5-8-06.

**Recommendation:** Upon further review from Grievance Office, per F-House staff, there is very limited supplies that are issued to F-House. As the F-House gets their supplies, they are handed out to those who request for them may they be hygiene or cleaning supplies. There is no malicious or deliberate intent on part of staff from F-House that grievant is deliberately being denied supplies. Unable to substantiate staff misconduct on part of Counselor Butkiewicz. Grievant should be aware that his own admission to selling his own food for hygiene items is an admission for trafficking, and can be subjected to a disciplinary report to reflect this-be guided accordingly. Because grievance was taken care of on counselor level, grievance is moot.

Ami Workman                                                      _(signature)_
           Print Grievance Officer's Name                                Grievance Officer's Signature
           (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 9-21-06          ☒ I concur          ☐ I do not concur          ☐ Remand

Comments:

W. McCann _(signature)_                                          9-21-06
      Chief Administrative Officer's Signature                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

|                              |      |      |
|------------------------------|------|------|
| Committed Person's Signature  | ID#  | Date |

Distribution:   Master File; Committed Person                                          DOC 0047 (Eff. 10/2001)
                                                                                      (Replaces DC 5657)



**Rod R. Blagojevich**
Governor

**Illinois**
Department of
**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

September 11, 2007

Michael Thomas
Register No. B71744
Pontiac Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on October 10, 2006, regarding conditions (alleges no cleaning suplies in F-house; no hygiene bag), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (1257) and subsequent recommendation dated September 18, 2006 and approval by the Chief Administrative Officer on September 21, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Jones, Pontiac Correctional Center
       Michael Thomas, Register No. B71744

Ex #3 (4 of 4)

DuPlicate

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7-15-06 | Offender: (Please Print) Michael Thomas | ID#: B-71744 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | Grievance Office |

AUG 23 2006

STA # 1158

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): ___

- [ ] Disciplinary Report: ____ / ____ / ____
  Date of Report        Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: _I'm filing this grievance on prison officials including counselor Pakenicurity (sp?) and staff members working in F-House segregation unit. For the past couple months I have told prison officials that I am indigent and do not have any money on my account. I have told these officials that myself or other inmates have not been receiving adequate personal hygiene items, cleaning supplies or legal supplies. I have also made complaints about the cells here in F-House. These cells are packed with roaches and mice because officials aren't providing cleaning supplies and officials do not pick up our food trays in a timely fashion. In fact the food trays stay in our cells for hours at a time and over night. I have also complained about the power in my cell, the water and the windows which..._

Relief Requested: _1) Counselor Pakenicurity fired for not doing his job. 2) Law library staff and all cell house employees fired or disciplined 3) Better living conditions 4) Pick food trays up timely 5) Provided adequate hygiene item 6) Shut F-House down or remedy problem_

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ____/____/____
Offender's Signature              ID#             Date

*(Continue on reverse side if necessary)*

---

**Counselor's Response (if applicable)**

Date Received: 7 / 29 / 06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _Hygiene products are given out when they have them in F-House. The Law Library come every Friday. The workers do pick up the trays and wash the floors._

E. Bitkiewicz                                    8 / 15 / 06
Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____ / ____ / ____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                     ____/____/____
Chief Administrative Officer's Signature              Date

Ex #4 (1 of 2)

have broken latches and other prisoners have their same problem and we have all made all of these things known. I have filed several grievances on these matters already with counselor Pakiewitz and he has not answered any of the grievances. Nor has counselor Pakiewitz tried to remedy the problem. On 7-13-06 the counselor Pakiewitz did a walk through talking to inmates and a large portion of the inmates complained about these same conditions. Counselor Pakiewitz stated that we are suppose to get adequate personal hygiene items from the cell house employees but when several inmates including the inmates in cell #211, 212, 214, 215 and 216 and myself and my cell-mate, Michael Wright, told counselor Pakiewitz that we have not been given any type of supplies except toilet paper for the last 3-4 weeks, counselor Pakiewitz told myself and other inmates "not to come to segregation." We told the counselor that we didn't have soap, deodorant, shampoo, toothpaste, toothbrushes, cleaning supplies for cell or anything else and that myself and other inmates did not have money and we couldn't purchase these items from the commissary and counselor Pakiewitz stated he was "tired of inmates always complaining about hygiene items" as if he was being bothered by our request. This is not the first time I told counselor Pakiewitz about this. I have told him this same May 18th and May 19th of this year (2006). I told counselor Pakiewitz about this on 6-1-06, 6-15-06, 6-25-06, 6-30-06, 7-6-06 and on 7-13-06. Not only did I tell of these facts stated in this grievance on the above dates but I also gave him grievances and counselor Pakiewitz has not did anything. Officials at this prison has not provided me with any toothpaste, deodorant, shampoo or cleaning supplies. The law library has also failed to provide adequate legal supplies. I'm only given 9-10 sheets of paper per month and no ink pens because I don't have money for adequate legal supplies or personal hygiene items. And staff members are not providing me with it, so either have to go without it or sell my food to other prisoners for these items. I filed several grievances on these issues including the broken latches on the window and the over all living conditions here in F-House that no official, Lt., Sgt., or counselor has done anything. Officials have not passed out soap in 3-4 weeks. Officials have not passed out no deodorant, toothpaste, shampoo or cleaning supplies since I've been in the building. I've proven to them that I'm indigent and so has other inmates but we are not given anything. We do get toilet paper and soap most often times but not always and we never get anything when I state this stuff should not work for the state if they have something or dislike with people in jail. It's not fair what we've had to go through. Nor is it right. These cells should be fixed because there are too many problems. If it don't rain coming in your cell, it's the ceiling leaking on the toilet or no water. Then we are given ticket just because we try to prevent damages from the water or rain. That ain't fair. Nor is it fair that I must compromise my food "if" an other inmate will accept it just to get personal hygiene items. This is abuse and cruel treatment and this building should be closed and employees here should be fired because they are constantly over looking our concerns and we aren't doing nint morally wrong. Please help and please stop destroying my grievances and complaints. # of grievance

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7-15-06 | Offender: (Please Print) michael Thomas | IDN: B-71744 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

Grievance Office
AUG 2 3 2006
STA # 1158

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☒ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☒ Other (specify): *living conditions*

- ☐ Disciplinary Report _____ _____
  Date of Report          Facility where issued

*destroying grievance*

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: *I'm filing this grievance on prison officials including counselor Perkiewicz (sic) and staff members working in F-House segregation unit. For the past couple months I have told prison officials that I am indigent and do not have any money on my account. I have told these officials that myself or other inmates have not been receiving adequate personal hygiene items, cleaning supplies or legal supplies. I have also made complaint about the cells here in F-House. These cells are packed with roaches and mice because officials aren't providing cleaning supplies and officials do not pick up our food trays in a timely fashion. In fact the food trays stay in our cells for hours at a time not over night. I have also complained about the power in my cell, the water and the windows which*

Relief Requested: *1) Counselor Perkiewicz fired for not doing his job 2) Law library staff and all cell house employees fired or disciplined 3) Better living conditions 4) Pick food trays up timely 5) Provided adequate hygiene items 6) Shut F-House down or remedy problem*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ _____
Offender's Signature          IDN          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/29/06   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: *Hygiene products are given out when they have them in F-House. The Law Library comes every Friday. The workers do pick up the trays and wash the floors.*

*JF B. Mikiewicz*          *CRPB*          *8/15/06*
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

RECEIVED

Date Received: ___/___/___   Is this determined to be of an emergency nature?   ☐ Yes: expedite emergency grievance
                                                                              ☐ No: an emergency is not substantiated.
                                                                              Offender should submit this grievance
                                                                              in the normal manner.

OFFICE OF INMATE ISSUES

_____          _____
Chief Administrative Officer's Signature          Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 7-12-06 | Offender: (Please Print) Michael Thomas | IDB: B-71744 |
|---|---|---|

Present Facility: Stateville | Facility where grievance issue occurred: Stateville

Received Grievance Office
AUG 0 3 2006
1091

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other issue #_____

[x] Disciplinary Report: 6 17 06   Stateville   by Lt. Buczkowski
     Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor: unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: I'm filing this grievance against the adjustment committee and prison officials for constantly over looking inmate concerns and then punishing us in an arbitrary fashion. I was recently transferred here from Pontiac correctional center a couple months ago. Since I arrived here at Stateville I've experienced all kinds of problems with the living conditions and law library services. More specifically I have had a very hard time in getting personal hygiene items and I am indigent. Legal documents for my cases have been returned back to me 2-3 weeks later and sometimes longer than that causing the judge to give me a hard time and I'm not trying to upset the judge I just want to go home and live my life. I have also had major →

Relief Requested: 1) Ticket expunged 2) Let out of seg 3) Something done about our living conditions here in F-House seg and 4) A New hearing with my witnesses present please. Thank you

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     _____
    Offender's Signature              ID#         Date

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___     [ ] Send directly to Grievance Officer     [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____     _____     _____
Print Counselor's Name     Counselor's Signature     Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___     Is this determined to be of an emergency nature?     [ ] Yes; expedite emergency grievance
                                                                                      [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                              _____
Chief Administrative Officer's Signature                    Date

problems with all of the cells I have been in since I've been in Stateville. Every cell has vermin infestation, no cold water or small amounts of hot water, the mattresses are old, broken up and falling apart. The sheets to the bed have been thrown by someone and they only cover up half of my body as they are stained (almost brown in color) officials have not given us personal hygiene items adequately. We are given soap but nothing else except toilet paper. I've had to do wheelings in a panelty(?) cell to get deodrant, shampoo, toothpaste, toothbrushes, towels, cleaning supplies etc ... Every cell I have been in also had the windows broken or broken latches to keep the windows closed. I was disciplined by the adjustment committee because I put a blanket on the window to keep the rain and cold air from blowing in at night or when it rains. The adjustment committee lady, Ms. Adrianna Johnson, was only concerned if I put the blanket up. I didn't want to lie and I wanted her to know about this building (F-House) I am not the only inmate that has this problem. A lot of other inmates were written disciplinary tickets for putting blankets up on the windows. We only do that because A lot of the windows are damaged in some way or another and we don't want rain all in our cell all the time nor do we like being cold when the weather drops. Prison/Liaison officials know all these facts because you're guys on here every day and don't have to deal with these problems but we do but we try to get the problem cured and the maintenance people said all of the windows in majority of them are this way. Now because I try to prevent rain or cold from coming into the cell, I'm guilty of breaking a prison rule. I ask that this ticket be expunged but that staff has remedy this problem because a lot of inmates are complaining about this. I told Ms. Johnson, chairperson of the adjustment committee this and she told me that the "inmate get to make more complaints if the inmate want the problem to be fixed." I'm feeling like I cannot win in this prison. I don't get proper hygiene items or cleaning supplies. I've told all of these issues to numerous staff members, the Internal Affairs, Production(?), and the maintenance people and nothing has been done then I get a ticket - that's not fair at all. I ask that I please not be kept in segregation any longer than I was suppose to. I also ask that the adjustment committee provide a rehearing. Further more, I wasn't even allowed witnesses. Liaison officials said that I refused to sign the ticket and waived my opportunity for witnesses and I did not. My cell-mate, Michael Wright, would have testified that we did not mean to break any prison rules but inmates ensure by myself and cannot except for how want rain all on them or in this cell all the time. The only thing I'm guilty of is wanting to be warm and without the flu. If someone came to F-House and talked to these inmates or looked at the cell's they would find out what I'm talking about. I ask this my ticket be expunged please. Thank you.
End of grievance. —

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: July 12, 2006          Date of Review: August 31, 2006          Grievance # (optional): 1091

Committed Person: Michael Thomas          ID#: B71744

**Nature of Grievance:** DR/ law library/ hygene items and cleaning supplies

**Facts Reviewed:** Grievant alledges he is not provided with hygiene items, cleaning supplies, and was witten a DR which he thinks he should not have gotten

**Counselor Response:**

This grievance officer reviewed ticket and summary. Guilt admitted. Sanctions ar within range of discipline. DR upheld. As to the law library, grievant has to put in a request to go to the law library. As to the sanitation and hygiene issues, these items must be requested.

**Recommendation:** Grievance denied

Tammy Garcia
_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 9-7-06          ☒ I concur          ☐ I do not concur          ☐ Remand

Comments:

_____          9-7-06
Chief Administrative Officer's Signature          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          B71744          9-11-06
Committed Person's Signature          ID#          Date



**Illinois**
**Department of**
**Corrections**

Ex #5 (4 of 4)

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 16, 2007

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on September 20, 2006, regarding a disciplinary report dated June 17, 2006, which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report,200601455/1, written by Lt. Buczkosaki, citing you for the offenses of 202-Damage or Misuse of Property, 210-Impairment of Surveillance and 403-Disobeying a Direct Order. A review of the Adjustment Committee summary indicates you were found guilty of 210 and 403. Recommended discipline was: 15 days segregation. The Chief Administrative Officer concurred with the recommendation on 6/26/06.

The Grievance officer's report (1091) and subsequent recommendation dated August 31, 2006 and approval by the Chief Administrative Officer on September 2, 2006 have been reviewed.

Based on a review of all available information and a compliance check of the procedural due process safeguards outlined in Department Rule 504, this office is reasonably satisfied you committed the offense and recommends the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden McCann, Stateville Correctional Center
       Michael Thomas, Register No. B71744
       Chron. File

Ex #5 (4 of 4)

Ex #6

State of Illinois - Department of Corrections
DISCIPLINARY REPORT

Page 1 of 1

☒ Disciplinary Report _____ 6/17/06 _____
Date

☐ Investigative Report _____
Date

Committed Person: Thomas, Michael  No. B71744  Facility Stateville Corr Cent

Observation Date: 6/17/06  Time: approx 9 am  Location: E House Cell 213

LT Buczkowich _____ 6/06/17
PRINT Employee's Name          Employee Signature/Date/Time

Offense: 504 B202 Damage or Misuse of Property 210 Impairment

Observation of Surveillance 403 Disobeying A Direct Order
On the above date and time I observed inmate
Thomas misuse his state blanket. It was hanging
from the window bars. This obstructed the view into
into cell 213. All inmates were told by this
L.T. to remove all blankets & clothes lines on 6/13 &
6/14.

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement  ☐ Investigative Status  Reason: _____

_____

PRINT Name                    Shift Supervisor's Signature and Date
                         (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer  Comment: _____

PRINT Name                                    Signature/Date

☒ MAJOR, submitted to Adjustment Committee  ☐ MINOR, submitted to Program Unit

F Wright _____  F Wright _____
PRINT Name                    Reviewing Supervisor's Signature and Date

C Johnson _____  Johnson 6/24/06
(Adjust. Officer's Signature Only)  PRINT Name  Signature and Date

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on the form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

Thom B71744 _____
Committed Person's Signature and Number     ☒ Committed Person Refused to Sign

G Boyce-Dyer _____  _____  6-21-06 6:35
PRINT Serving Employee's Name  Serving Employee's Signature  Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____

_____
Committed Person's Signature and Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to consider calling the following witnesses regarding disciplinary report of _____ Date

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____  Number/Cell/Title: _____

Witness can testify to: _____

DC 7508 (Rev. 4/98)  Distribution: 1) Master File; 2) Committed Person;
IL 488-0081          3) Facility; 4) Facility

Committed Person's Name and Number

Ex #6

State of Illinois - - Department of Corrections
DISCIPLINARY REPORT

# DISCIPLINARY REPORT

☒ Disciplinary Report  6/23/06          ☐ Investigative Report _____    Page 1 of 1

Committed Person: Thomas            No. B71744    Facility: Stateville Corr Cnt

Observation Date: 6/22/06  Time: approx 12:50pm  Location: E House cell 213
C.T. Buczkowski                         6/22/06

Offense: 310 Impairment of Surveillance

Observation: On the above date and time I was walking on 2 gallery. I observed a blanket blocking the window in cell 213. This did not allow staff to see in cell properly. This is Thomas 2nd IDR for above offenses

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement    ☐ Investigative Status    Reason: _____

PRINT Name _____          Shift Supervisor's Signature and Date
                                     (For Community Correctional Centers, Chief Adm. Off.)

☐ Confinement Reviewed by Reviewing Officer    Comment: _____

PRINT Name _____          Signature/Date _____

☒ MAJOR, submitted to Adjustment Committee    ☐ MINOR, submitted to Program Unit

_____                     _____
PRINT Name                          Reviewing Officer's Signature and Date

☒ Reviewed by Hearing Investigator    _____
(Adult Division Major Reports Only)   PRINT Name

                                     RECEIVED
                                     JUN 23 2006

PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may request that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juvenile may receive a delay in recommended parole.

                                     Committed Person Refused to Sign ☒

_____     _____     6/23/06    7:50 pm
PRINT Serving Employee's Name    Serving Employee's Signature    Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

Offense Date: _____

_____
Committed Person's Signature and Number

(DETACH AND RETURN TO THE ADJUSTMENT COMMITTEE OR PROGRAM UNIT PRIOR TO THE HEARING)

I would like the Adjustment Committee or Program Unit to interview the following witnesses concerning this disciplinary report on _____ Date

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

NAME OF WITNESS: _____    Number/Cell/Title: _____

Witness can testify to: _____

DC 7365 (Rev. 4/96)    Distribution: 1) Master File; 2) Committed Person;
IL 426-0301              3) Facility; 4) Facility

                                     Committed Person's Name and Number

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** THOMAS, MICHAEL | **IDOC Number:** B71744 | **Race:** BLK |
| **Hearing Date/Time:** 6/26/2006  09:40 AM | **Living Unit:** STA-F-02-13 | **Orientation Status:** N/A |
| **Incident Number:** 200601455/1 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 6/17/2006 | 200601455/1-STA | BUCZKOWSKI, MICHAEL | F HOUSE | 09:15 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 202 | Damage Or Misuse of Property | Not Guilty |
| 210 | Impairment Of Surveillance | Guilty |
| 403 | Disobeying A Direct Order | Guilty |

| Witness Type | Witness ID | Witness Name | Witness Status | |
|---|---|---|---|---|
| Inmate | IDOC#: R48503 | WRIGHT, MICHAEL | Testimony Would Be Irrelevant | Requested By Inmate |

Statement: BASED THAT INMATE STATED HE DID COMMIT THE CITED OFFENSE.

_____
Witness Interviewer Signature

I attest to the statements as being a correct reflection of the statements provided to me by witnesses.

## RECORD OF PROCEEDINGS
INMATE PRESENT. REPORT READ, INMATE STATED: THE REPORT IS TRUE. I HUNG THE BLANKET UP INSIDE OF THE CELL. I WAS ASSIGNED TO CELL #213 UNIT F, ON 6-17-06.

## BASIS FOR DECISION
1. INMATE STATED HE WAS ASSIGNED TO CELL #213 UNIT F, ON 6-17-06, AND HE DID HANG A BLANKET UP INSIDE OF HIS ASSIGNED CELL AS REPORTED.

2. THE COMMITTEE IS SATISFIED WITH THE WRITTEN REPORT WHICH WAS CORROBORATED BY THE INMATE STATEMENT.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 15 Days  Segregation | 15 Days  Segregation |
| Basis for Discipline:NATURE OF OFFENSE | |

## Signatures
**Hearing Committee**

| | | | |
|---|---|---|---|
| JOHNSON, ADRIENNE D  - Chair Person | Signature | 06/26/06 Date | BLK Race |
| THOMPSON, MARGARET M | Signature | 06/26/06 Date | WHI Race |

Recommended Action Approved

_____

**Final Comments:** N/A

**Ex #8  (1 of 2)**

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** THOMAS, MICHAEL     **IDOC Number:** B71744    **Race:** BLK

**Hearing Date/Time:** 6/26/2006  09:40 AM    **Living Unit:** STA-F-02-13    **Orientation Status:** N/A

**Incident Number:** 200601455/1 - STA    **Status:** Final

---

DEIRDRE L BATTAGLIA / JDD  6/26/2006      _Signature_     06/26/06
Chief Administrative Officer     Signature     Date

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

_____     6/29/06  1:25 via mail
Employee Serving Copy to Committed Person     When Served - - Date and Time

**Ex #8 (2 of 2)**

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE

| Date: 1-30-07 | Committed Person: (Please Print) Michael Thomas | ID#: B71744 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☑ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☑ Other (specify) inadequate law library facilities and access to such

- ☐ Disciplinary Report: _____ / _____ / _____
  Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance is being filed against crystal mason, Ms. Baker and the entire law library staff at the Stateville correctional center for denying me access to the law library, denying me legal copies, denying me law books and papers, denying me time to research my cases, denying me access to my legal storage boxes and denying me legal supplies when they know that I am indigent and have made this complaint known to them for more than a half of a year. I have been trying to research several cases that are pending in court but law library personnel has constantly disregarded any request to have time to do this research. I have sent request to do so through the mailing system provided.

**Relief Requested:** 1) To be allowed access to law library 2) legal supplies 3) legal copies 4) access to legal storage boxes 5) to have mason and Baker fired, replaced or reassigned

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ / _____ / _____
Committed Person's Signature     ID#     Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

| Date Received: 2, 9, 07 | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

Response: The law library Clerk has been notified of your request to be placed on the library call list

| C. HARRIS | C. Harris | 2, 9, 07 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: _____ / _____ / _____

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____ _____ / _____ / _____
Chief Administrative Officer's Signature     Date

Distribution: Master File; Committed Person     Page 1     DOC 0046 (Eff.10/2001)
(Replaces DC 5657)

Printed on Recycled Paper

Ex #9 (1 of 4)

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE   (Continued)

at Stateville several times each and every week. I have also had other inmates to personally take my request to the law library and I still am not being allowed to research my case, cases or law statues that I do know of are forwarded to the law library by myself and are either denied, go unanswered or only are answered partially. If I have 13 cases and 4 statues to read and look up, I may be provided with 1 statue and 1 or 2 cases and this may take 1 month before I even receive it and/or am forced to pay for it. I have informed persons and Baker that I need legal copies and they deny my request. I ask for legal supplies and they deny these request or may give me 1 envelope and 10 sheets of paper for an entire month and they keep trying and I only did this a couple of times since I have been here in Stateville (April of 2006); most of my request are ignored, unanswered or flatly denied forcing me to get legal supplies however I can and they had been aware of the fact that I am indigent and do not get state pay or any other monies. In fact this was told to them several months ago and confirmed through the grievance procedure. However, they are continuing to do the same thing. I also informed them for 1½ months that I had court cases that I'd be called for soon (court date) and that I needed to have more law library time then I've been given since I've been in Stateville. I told these staff members that I had court in January and in February for different cases that are pending and that I need to have legal documents copied and obtained from my legal storage boxes but I was not allowed to get these documents from my boxes or get copies and have to go to court on 1-26-07 without them. I also sent documents to the law library to have copied since they refused not call me to the law library and those documents have not been returned to me and I want these legal papers (documents) almost 1 month ago. I have two (2) more court dates this February of 2007 and I need to handle my legal affairs but law library staff are denying me of my constitutional rights. I have filed several grievances against the law library on a few occasions and nothing has changed. These library staff should be fired or replaced or reassigned if they cannot run the law library properly. I do not violate any library rules to receive the treatment that I get and I am always quiet and working. I do not appreciate being denied of my rights. So as an American citizen or so I think it's fair what they have been doing and I would like justice. End of grievance

RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
|---|---|---|

Date Received: February 16, 2007    Date of Review: February 16, 2007    Grievance # (optional): 0139

Committed Person: Michael Thomas    ID#: B71744

Nature of Grievance:  Staff Conduct; Other-Law Library Access

**Facts Reviewed:**  Grievant alleges that he is being denied access to the law library. Grievant states they know he is indigent and they still deny him legal supplies. Grievant states staff has disregarded his requests to do legal research on cases he has pending.

**Counselor Response:** The law library clerk has been notified of your request to be placed on the library call list.

Upon further review from Grievance Office, finds that this office concurs with counselor reponse and adds that there is no malicious or deliberate intent on the part of the Law Library staff. Unable to substantiate claims of staff misconduct.

**Recommendation:**  The part about law library issues have been resolved, the part about the staff conduct is unsubstantiated and is denied.

Ami Workman
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
|---|---|---|

Date Received: _2-21-07_    ☒ I concur    ☐ I do not concur    ☐ Remand
Comments:

W. McCann    2-21-07
Chief Administrative Officer's Signature                    Date

| Committed Person's Appeal To The Director | | |
|---|---|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature                    ID#                    Date

Distribution:    Master File; Committed Person    Page 1    DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)
Printed on Recycled Paper    Ex #9 (3 of 4)

Ex #9 (4 of 4)

# Illinois
## Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 11, 2007

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on March 9, 2007, regarding law library access (alleges limited access to law library), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (0139) and subsequent recommendation dated February 16, 2007 and approval by the Chief Administrative Officer on February 21, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED:_____
Roger E. Walker Jr.
Director

cc:   Warden McCann, Stateville Correctional Center
Michael Thomas, Register No. B71744
Chron. File

Ex #9 (4 of 4)

B806

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: 9-28-06 | Offender: (Please Print) Michael Thomas | ID#: B71744 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE**

| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☑ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☑ Other (specify): inadequate law library services |

☐ Disciplinary Report: _____
Date of Report _____ Facility where issued

Grievance Officer
OCT 05 2006
STA # 1319

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is being filed against Law Library staff at Stateville correctional center and against law library supervisor, crystal mason for repeatedly denying me access to the law library, for denying me access to my legal storage boxes, legal copies and for researching my issues and for charging me for legal documents that are never received. Since I've been here in stateville (april of 2006), I have experienced numerous problems with law library supervisor, crystal mason, and the inadequate legal services that they provided. These staff members are quite aware of the case loads that I have in state and Federal courts which requires much research, copying and obtaining documents in support of my litigations. These law library staff here at Stateville have ―

Relief Requested: 1) To have law library personnel discharged 2) allowed to use law library 3) to get legal documents copied 4) legal supplies 5) access to legal boxes 6) to be reimbursed for documents I never received 7) any other relief stated herein

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____ _____ _____
Offender's Signature ID# Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/29/06

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The grievant, per C. Mason, has been placed on the Law Library List for Tuesday 10/3/06. He may also request legal supplies & Access to his legal boxes while there. Ms. Mason informed this counselor that she has not received Any copy request from the inmate but has received A request for case law & such will be sent to him shortly.

J. Baldwin _____ J. Baldwin _____ 9/29/06
Print Counselor's Name Counselor's Signature Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ _____
Chief Administrative Officer's Signature Date

DOC 0046 (Rev. 3/2005)

constantly made me late in every matter that I addressed. They have sat on legal papers requesting to be copied by myself for as many as 4-7 weeks before being returned to me. They have denied me legal supplies or made me wait 3-4 weeks for such and I have proven to me Mason on mail 10. necessary that I am indigent and don't have money to purchase these items from the inmate commissary. When I was in seg I would request to see my legal boxes to obtain legal papers and when the boxes came I was only given 30 minutes to locate these documents from thousands of documents, most often time I couldn't even find them because law library Sgt. bring me what boxes they want to have instead of what I requested and the time I'm allowed (20-30) minutes is totally insufficient. Other prisons allow me 2 hours to obtain documents from any boxes and use as you as all our boxes. However, we are only allowed 3 boxes not to this law. The most recent problem I've had with staff in the law library is allowing me to copy legal documents which I have a 30 day deadline for. I've requested to be put in on the law library but 7 times since I've been out of seg and have not been allowed to go although they have allowed others to go to the library 5 or 6 times. I am not 2 weeks ahead of my deadline and Crystal Mason still has not called me to the library. She (Mason) has repeatedly compromised my litigation and constitutional right to the United State constitution, 1st amendment, by denying me access to the law library which is against the law in State court and in Federal court. She has over charged me on legal copies and has charged me for documents that I never received. I've brought this to her attention on several occasions but she views my concerns off as unimportant. I've asked for case citation and to research my case since I've been out of seg all of which law library supervisors have ignored. I even sent her another letter by giving it to a runner on my gallery personally who delivered it to her personally when he went to the law library when he handed it to her he stated she threw it in the garbage and commented that she'd call me when she "was ready." (not that she should call me because of my legal deadline but because she simply did not want to call me over this.) It doesn't matter that I have legal deadlines that I've told her I have. Nor does it matter that I need to meet this deadlines or be prejudiced because of her deliberate indifferent apathetic views of inmates. Mrs. Mason should not be the law library supervisor or working at the law library if she cannot run her function properly, timely or in accordance with State or Federal law. Nor should she be employed in the law library in any prison setting if she has a general negative attitude against inmates that rely and must depend of her legal services. I'm asking that I be allowed my legal copies, to have access to law library to research my case, to be allowed legal supplies, to obtain legal documents from my legal boxes, to be reimbursed for documents that I never received or to be allowed a substitution of legal documents to be paid at the law library's expense for the money taken off of trust fund account unjustly and to have Crystal Mason discharged from her employment at statewide correctional center and the entire Illinois Department of corrections for her inability to operate the law library in a adequate manner consistent with the law of this land. End of grievance—

Ex #10 (3 of 4)

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** September 28, 2006          **Date of Review:** October 5, 2006          **Grievance #** (optional): 1319

**Committed Person:** Michael Thomas          **ID#:** B71744

**Nature of Grievance:** Law Library

**Facts Reviewed:** Grievant alleges he is being denied access to law library

**Counselor Response:** The grievant, per C.Mason has been placed on the Law Library List for Tues. 10-3-06 and he may request legal supplies and access to his legal boxes while there. Ms. Mason has informed this counselor she has not received any copy request from the inmate but has received a request for case law and such copies will be sent to him shortly.

This Grievance Officer reviewed grievance and is satisfied with counselor response

**Recommendation:** Grievance resolved

Tammy Garcia

_____          _____
Print Grievance Officer's Name               Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** _10 -11- 06_     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

W. mcCann

_____          _10 -11- 06_
Chief Administrative Officer's Signature                    Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature                    ID#                    Date



Ex #10 (4 of 4)

**Rod R. Blagojevich**
Governor

**Illinois**
Department of
**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 20, 2006

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on October 19, 2006, regarding law library (alleges denied access), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (1319) and subsequent recommendation dated October 5, 2006 and approval by the Chief Administrative Officer on October 11, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
                Jackie Miller
                Administrative Review Board
                Office of Inmate Issues

CONCURRED: _____
             Roger E. Walker Jr.
             Director

cc:  Warden McCann, Stateville Correctional Center
     Michael Thomas, Register No. B71744
     Chron. File

ILLINOIS DEPARTMENT OF CORRECTIONS
COMMITTED PERSON'S GRIEVANCE

Date: 7-10-06    Committed Person (Please Print): Michael Thomas    ID#: B-71744

Present Facility: Stateville    Facility where grievance issue occurred: Stateville

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [x] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [x] Other (specify): Taking all my money

- [ ] Disciplinary Report: ___/___/___    Date of Report    Facility where issued

SEP 1 8 2006
1258

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: This grievance is being filed against prison officials and the division office and mail room for confiscating all of my money once it is sent to me or placed on my prison account. Recently I was transferred here to Stateville. After being transferred here I was sent state pay on two (2) separate occassions and I was also sent a $25.00 money order from my uncle, Louis Lawrence. I never received a dime of any of that money and I have not been allowed to go to the inmate store (commissary) to purchase personal hygiene items, stamps (writ out envelopes) or anything else. When I obtained an audit of my account at this prison, the records indicate ————

Relief Requested: 1) Reimbursed money from state pay + money orders sent to me recently and 2) not for prison staff to take any future monies sent to me or provided by state pay or not all of it

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Committed Person's Signature _____    ID# _____    Date ___/___/___

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 7/24/06    [ ] Send directly to Grievance Officer    [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: The money will be taken until it is paid in full. We are sending you a hygiene loan. You have 3 different case you are paying on. (two Cook and one Northern Cook?)

E. Bot Kerwin    [signature]    8/30/06
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    is this determined to be of an emergency nature?    [ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

Ex #11 (1 of 7)

Chief Administrative Officer's Signature _____    Date ___/___/___

Distribution: Master File; Committed Person    Page 1    DOC 0046 (Eff. 10/2001)

that I owe some, on about $200.00. I am aware of the fact that
I owe the state some money but I didn't think that the prison
business office would take every single penny of mine without leaving
me 50-60% of the money to purchase personal hygiene items and envelopes
because of this, I have been without cosmetic's and personal at this
institution. Are not provided me with necessary or adequate personal
hygiene items. I have only been given soap on a few occasions. I
have not received any other cosmetic items and I've had to either go
without these item or trade/sell my food to other inmate's just to
obtain hygiene items. I don't think it's fair that you all are taking
all of my money. I understand the fact that I do owe you money
and I am willing to pay you but you are taking all (100%) of
the money that I do get and I don't even get money in like that.
Furthermore, prison authorities have not been giving me any type
of toothpaste, toothbrushes, stamps or deodorant. Nor have I been
given anything to clean my cell with, but you guys are taking all of
my money. I've made this fact known to the Warden and the
counselor plus numerous employee's working in F-House and yet
nothing has changed and I'm still in the same situation I was in
2-3 months ago. I ask that you please put back my money on
my account or at least a reasonable portion of it and I ask for you
not to confiscate any future monies, including money orders sent to
me or state pay. Please. Thank you. End of grievance.

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: September 18, 2006.          Date of Review: September 21, 2006          Grievance # (optional): 1258

Committed Person: Michael Thomas          ID#: B71744

Nature of Grievance: Staff Conduct; Mail Handling; Other-Taking All Money

**Facts Reviewed:** Grievant alleges that the Business Office is taking all of his state pay money including the money order $25.00 sent in by his uncle leaving him with no money to buy hygiene items for himself. Grievant states he realizes he owes money but did not think all of the money he gets from outside sources goes towards the balance owed. Grievant states he has had to sell his food in order to get soap to wash himself.

Counselor states that the money will be taken until it is paid. I am sending you a hygiene bag. You have three different cases you are paying on (two central and one northern courts)

Upon further review from the Grievance Office, per the Business Office, grievant transferred into Stateville CC from Pontiac CC with a negative balance. There are monies owed from several copies requested from law library, the latest payment for $3.00 for library copies received on 9-20-06, Until this balance is paid in the trust fund, any monies going into the account will go towards the negative balance and then when that is paid off, there are court fees owed. When the negative balance is paid off, then only twenty percent of grievant's pay will go towards the court fees owed. And the rest is for the grievant's usage. Grievant needs to understand his admission of selling food for items is trafficking and grievant can be subjected to disciplinary sanctions for this. Be guided accordingly.

**Recommendation:** Grievance is denied.

Ami Workman
_____          _____
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received: 9-21-06          ☑ I concur     ☐ I do not concur     ☐ Remand

Comments:

_____          9-21-06
Chief Administrative Officer's Signature          Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature          ID#          Date

ite: 9/20/2006                                Stateville Correctional Center                                Page 1
me:    2:36pm                                        Trust Fund
list_furlough_restitution                        Furlough/Restitution Report

REPORT CRITERIA - Inmate: B71744;    New page for each inmate ? : No;    Include Zero Balances ? : Yes;    Furlough /
            Restitution Type: All Types;    Report Type: Detail Line;    Sort Order: Inmate Number;    Status: All

| ate | ID# | Vendor | | Transaction Type | Date | Amount | Balance |
|---|---|---|---|---|---|---|---|
| 744    Thomas, Michael | | | | | | | |
| ising Unit: STA-B -08-06 | 4101 | 59 | Clerk US Dist Court Central | 73 Court Ordered Fees | 05/05/2006 | 117.16 | 117.16 |
| | | | Detailed History:  1  Beginning Balance | | 05/05/2006 | 117.16 | 117.16 |
| | | | Payment Instructions: 20.00 % with 0.00 minimum balance. | | | | |
| 744    Thomas, Michael | | | | | | | |
| ising Unit: STA-B -08-06 | 4102 | 59 | Clerk US Dist Court Northern | 73 Court Ordered Fees | 05/05/2006 | 165.48 | 165.48 |
| | | | Detailed History:  1  Beginning Balance | | 05/05/2006 | 165.48 | 165.48 |
| | | | Payment Instructions: 20.00 % with 0.00 minimum balance | | | | |
| 1744    Thomas, Michael | | | | | | | |
| using Unit: STA-B -08-06 | 4103 | 59 | Clerk US Dist Court Central | 73 Court Ordered Fees | 05/05/2006 | 228.35 | 228.35 |
| | | | Detailed History:  1  Beginning Balance | | 05/05/2006 | 228.35 | 228.35 |
| | | | Payment Instructions: 20.00 % with 0.00 minimum balance. | | | | |

|  | Total Court Ordered Fees | 510.99 |
|---|---|---|
|  | Total All | 510.99 |

Ex #11 (4 of 7)

n: 9/21/2006
e:   8:32am

_l_inmate_trans_statement_composite

**Stateville Correctional Center**                                           Page 1
**Trust Fund**
Inmate Transaction Statement

REPORT CRITERIA - Date: 01/01/2006 thru End;    Inmate: B71744;    Active Status Only ? : No;    Print Restrictions ? : Yes;
Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include Inmate Totals ? : Yes;    Print
Balance Errors Only ? : No

nate: B71744 Thomas, Michael                         Housing Unit: STA-B -08-06

| | Source | Transaction Type | Batch | Reference # | Description | Amount | Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Beginning Balance: | | 0.00 |
| /06 | Mail Room | 04 Intake and Transfers In | 123237 | 59259 | Pontiac C.C. | -186.33 | -186.33 |
| /06 | Payroll | 20 Payroll Adjustment | 128190 | | P/R month of 04/2006 | 1.36 | -184.97 |
| /06 | Mail Room | 04 Intake and Transfers In | 130237 | 59279 | Pontiac C.C. | 1.70 | -183.27 |
| /06 | Mail Room | 01 MO/Checks (Not Held) | 157291 | 05457478937 | Lawrence, Louis | 25.00 | -156.27 |
| /06 | Payroll | 20 Payroll Adjustment | 159190 | | P/R month of 05/2006 | 1.70 | -156.57 |
| /06 | Mail Room | 01 MO/Checks (Not Held) | 264291 | 05459052352 | Tidwell, Randy | 20.00 | -136.57 |
| /06 | Mail Room | 04 Intake and Transfers In | 262237 | 79293 | Western Illinois C.C. | 25.00 | -111.57 |

| | |
|---|---|
| Total Inmate Funds: | -111.57 |
| Less Funds Held For Orders: | .00 |
| Less Funds Restricted: | 148.50 |
| Funds Available: | -260.07 |
| Total Furloughs: | .00 |
| Total Voluntary Restitutions: | .00 |

TRICTIONS

| ıce Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 9/2006 | C6683 | Disb | Library | 2 DOC: 523 Fund Library | $0.40 |
| 9/2006 | C6687 | Disb | Library | 2 DOC: 523 Fund Library | $0.60 |
| 1/2006 | C7269 | Disb | Library | 2 DOC: 523 Fund Library | $0.30 |
| 5/2006 | C7378 | Disb | Library | 2 DOC: 523 Fund Library | $9.25 |
| 21/2006 | C7572 | Disb | Library | 2 DOC: 523 Fund Library | $31.75 |
| 21/2006 | C7586 | Disb | Library | 2 DOC: 523 Fund Library | $0.30 |
| 21/2006 | C7661 | Disb | Library | 2 DOC: 523 Fund Library | $15.50 |
| 27/2006 | C7924 | Disb | Library | 2 DOC: 523 Fund Library | $20.55 |
| 27/2006 | C7967 | Disb | Library | 2 DOC: 523 Fund Library | $37.80 |
| 28/2006 | C8042 | Disb | Library | 2 DOC: 523 Fund Library | $1.05 |
| 28/2006 | C243 | Disb | Library | 2 DOC: 523 Fund Library | $0.80 |
| 28/2006 | C244 | Disb | Library | 2 DOC: 523 Fund Library | $0.30 |
| 04/2006 | C400 | Disb | Library | 2 DOC: 523 Fund Library | $6.75 |
| 24/2006 | C770 | Disb | Library | 2 DOC: 523 Fund Library | $0.10 |
| 24/2006 | C771 | Disb | Library | 2 DOC: 523 Fund Library | $1.60 |
| 29/2006 | C1023 | Disb | Library | 2 DOC: 523 Fund Library | $5.50 |
| 29/2006 | C846 | Disb | Library | 2 DOC: 523 Fund Library | $1.00 |
| 29/2006 | C852 | Disb | Library | 2 DOC: 523 Fund Library | $0.15 |
| 29/2006 | C907 | Disb | Library | 2 DOC: 523 Fund Library | $8.00 |
| 29/2006 | C909 | Disb | Library | 2 DOC: 523 Fund Library | $1.90 |
| 07/2006 | C1283 | Disb | Library | 2 DOC: 523 Fund Library | $1.80 |
| 07/2006 | C1284 | Disb | Library | 2 DOC: 523 Fund Library | $0.30 |

Page 1

Ex #11  (5 of 7)

e: 9/21/2006
e:    8:32am
sl_inmate_trans_statement_composite

Stateville Correctional Center
Trust Fund
Inmate Transaction Statement

Page 2

REPORT CRITERIA  -  Date: 01/01/2006 thru End;    Inmate: B71744;    Active Status Only ? : No;    Print Restrictions ? : Yes;
Transaction Type: All Transaction Types;    Print Furloughs / Restitutions ? : Yes;    Include Inmate Totals ? : Yes;    Print
Balance Errors Only ? : No

mate: B71744 Thomas, Michael!                           Housing Unit: STA-B -08-06

TRICTIONS

| ice Date | Invoice Number | Type | Description | Vendor | Amount |
|---|---|---|---|---|---|
| 0/2006 | C1526 | Disb | Library | 2 DOC: 523 Fund Library | $3.00 |
| | | | | Total Restrictions: | $148.50 |

Ex #11 (6 of 7)



Ex #11 (7 of 7)

**Rod R. Blagojevich**
Governor

**Illinois**
Department of
**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

February 28, 2007

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on October 10, 2006, regarding Business/Trust (court ordered fees subtracted from balance), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (1258) and subsequent recommendation dated September 21, 2006 and approval by the Chief Administrative Officer on September 21, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
                Jackie Miller
                Administrative Review Board
                Office of Inmate Issues

CONCURRED: _____
            Roger E. Walker Jr.
            Director

cc:    Warden McCann, Stateville Correctional Center
       Michael Thomas, Register No. B71744
       Chron. File

Ex #11 (7 of 7)

B806

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 10-3-06 | Committed Person: (Please Print) Michael Thomas | ID#: B71784 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] Other (specify):

DEC 2 7 2006

1585

- [ ] Disciplinary Report: _____ / _____ / _____
  Date of Report                    Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I'm filing this grievance against Law Library personnel, Mrs. Crystal Mason and Mr. Baker for denying myself legal supplies. For several weeks I have been requesting legal supplies and to have access to the Law Library to handle legal affairs for several litigations of which I represent myself in pro se. After not being answered on or allowed to go to the Law Library or provided with legal supplies for several weeks, I filed a grievance on the matter on or about 9-28-06. Counselor Baldwin tried to resolve the matter and had me placed on the Law Library call line for today, 10-3-06. Counselor Baldwin, in his answer to my 9-28-06 grievance, stated Mrs. Mason told him that I could obtain legal supplies when I get to the library. However, when

**Relief Requested:** 1) To be allowed legal supplies 2) To have Baker and Mason discharged 3) To have new, more qualified personnel for Law Library.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   ___/___/___
Committed Person's Signature            ID#         Date

(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: 10, 5, 06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:** This counselor was informed by Ms. Mason that she was not aware of the inmate being indigent. The grievant will be sent additional supplies also. The grievant, per Ms. Mason, was on the Law Library list for 10/3/06, 10/10/06 & 10/24/06. Lastly, due to budget concerns supplies are limited at this time.

J. Baldwin                    J. Bald.                12, 13, 06
Print Counselor's Name         Counselor's Signature    Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____   _____
Chief Administrative Officer's Signature        Date

Printed on Recycled Paper

Ex #12 (1 of 4)

I went to the law library and requested envelopes, Ms. Mason (law library supervisor) stating they were out of supplies. So I went to Ms. Baker who also works at the library and told her that I had several documents that needed to be sent out and I didn't have any envelopes. I also informed Ms. Baker that I did not have any other legal supplies including paper or pens and that I'm constantly being forced to go without these items (supplies) or go to other prisoners to obtain such which is against prison rules and regulations (trafficking or trading.) I also told Ms. Mason this on several occasions over a few months period of time since I've been in Stateville and I've brought this concern to other officials on a couple of prison occasions. Ms. Baker and Ms. Mason told me that they only had "two boxes" of supplies and that they ran out due to the "budget" cuts. This so-called budget that they claim of is constantly make me break prison rules which I would be punished for. I'm constantly having to trade off my food for these basic essential items to communicate with the courts or other legal professionals or entities. Ms. Mason is aware that I do not have any money on my account, but that any money I am sent is taken because of money I owe the courts and IDOC. I'm constantly denied supplies in an adequate manner. I am indigent and cannot purchase these items myself and I am not given any state pay like regular inmates. I shouldn't have to compromise eating just so I can have legal supplies to pursue my lot and don't right to redress afforded to me by the United States Constitution. Ms. Baker and Ms. Mason attempt at arguing that the "budget" be the cause of this is unreliable and or unjust because it compromises my health or rights just to have the basic things I need to be allowed to write, appeal cases, argue my claims meaningful or send mail out. If Ms. Baker or Ms. Mason can not handle their position as library personnel in a prison setting, the department should discharge them from their employment and hire people more qualified to fulfill that position.
End of grievance.

ILLINOIS DEPARTMENT OF CORRECTIONS
RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
| --- |

Date Received: December 21, 2006     Date of Review: December 21, 2006     Grievance # (optional): 1585

ID#: B71744

Committed Person: Michael Thomas

Nature of Grievance: Staff Conduct; Other-Law Library Access

**Facts Reviewed:** Grievant alleges that he has been requesting legal supplies from Ms. Mason and Ms. Baker from the Law Library for several weeks. Grievant states that he has been denied to go to law library to handle his cases in which he will be representing himself.

**Counselor Response:** This counselor was informed by Ms. Mason that she was not aware of the inmate be indigent. The grievant will be sent additional supplies also. The grievant, per Ms. Mason, was on the law library list for 10-3-06, 10-10-06, and 10-24-06. Lastly, due to budget concerns supplies are limited at this time.

**Recommendation:** Because grievance was handled at counselor level, grievance is moot.

Ami Workman
Print Grievance Officer's Name

_Ami Workman_
Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

Date Received: 12-28-06     ☒ I concur     ☐ I do not concur     ☐ Remand

Comments:

_W. McCann_
Chief Administrative Officer's Signature          12-28-06
                                                   Date

| Committed Person's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_____          _____          _____
Committed Person's Signature          ID#          Date

Ex #12 (4 of 4)

# Illinois
### Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 18, 2007

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on January 12, 2007, regarding library (alleges requesting legal supplies from Ms. Mason and Ms. Baker for several weeks with no results), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (1585) and subsequent recommendation dated December 21, 2006 and approval by the Chief Administrative Officer on December 29, 2006 have been reviewed.

Per grievance officer's response, you will be sent additional supplies.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:  Warden McCann, Stateville Correctional Center
Michael Thomas, Register No. B71744
Chron. File

Ex #12 (4 of 4)



Ex #13

**Rod R. Blagojevich**
Governor

**Illinois**
**Department of**
**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 11, 2007

Michael Thomas
Register No. B71744
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on March 15, 2007, regarding staff conduct (alleges denied legal supplies), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (0186) and subsequent recommendation dated February 28, 2007 and approval by the Chief Administrative Officer on March 7, 2007 have been reviewed.

Per grievance officer's response, "the law library staff state they are trying to handle inmate needs but due to the budgetary constraints, they are limited".

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Jackie Miller
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden McCann, Stateville Correctional Center
Michael Thomas, Register No. B71744
Chron. File

Ex #13



Ex #14

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 8-17-07 | Committed Person: (Please Print) Michael, Thomas | | ID#: B71744 |
|---|---|---|---|
| Present Facility: Stateville | | Facility Where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☑ Restoration of Good Time | ☐ Disability  *adjustment committee* *Not calling* |
| ☑ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☑ Other (specify) *W. Classis* |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | |

☑ Disciplinary Report: 7 / 18 / 07    Stateville
   Date of Report                          Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** This grievance is being filed against the adjustment committee, C/O Harmon, and in conjunction with the other grievances in relation to this incident that the adjustment committee found me guilty of on 7-24-07 without calling my witnesses (internal affairs officer Quarles & Tejeda) Today on 8-17-07, I received the adjustment committee final Summary Report finding me guilty of a staff assault on C/O Harmon (incident No. 200701439/1 - STA) and I was punished severely when C/O Harmon is the one that assaulted me and there is evidence of such.

Recently I made a grievance, amending my first grievance, because internal affairs officer Quarles had finally provided me with a shake down report for confiscating my shirt that had my blood on it when C/O Harmon punched me in my mouth twice. I sent that shake down report to the ➡

**Relief Requested:** 1) Ticket expunged or punishment reduced ; 2) C/O Harmon fired and or reassigned away from me ; 3) Quarles ; Tejeda interviewed ; 4) to be allowed this amended grievance 5) adjustment committee members fired for lying on Summary saying I did't request witnesses

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     __/__/__
Committed Person's Signature             ID#              Date
(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____

_____

_____

_____

_____     _____     __/__/__
Print Counselor's Name              Counselor's Signature      Date of Response

---

### EMERGENCY REVIEW

Date Received: ___/___/___    Is this determined to be of an emergency nature?
   ☐ Yes; expedite emergency grievance
   ☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

**Ex #15 (1 of 4)**

_____                          __/__/__
Chief Administrative Officer's Signature                     Date

law library for copies a couple of weeks ago and it has not be return to me. Internal affairs marked that document/report as # 08-002; I will send you these papers (grievance and reports) as soon as I get them if they have not been destroyed.

I'm filing this grievance in conjunction to the other grievances on this incident because the adjustment committee disregarded crucial evidence in my favor proving C/O Garcia attacked me and then hooked me up on a ticket. Furthermore, the adjustment committee did not give me a fair hearing; they did not state all the evidence and; they did not interview witnesses (staff witnesses at internal affairs office) that I put on ticket.

First of all, I want to make some thing clear - I did try to spit on C/O Garcia on 7-18-07 but the "only" reason I did so is because I was upset because C/O Garcia threw supplies at me, then put his hands in my face; when I asked him to get his hands out of my face C/O Garcia punched me twice in my mouth. At that point I lost my cool and spit at him because I was upset that he had attacked me. Furthermore, he punched me by throwing supplies at me then putting his hands in my face and then he punched me twice as well as my witness. Now I'm the one in trouble; that ain't fair.

The adjustment committee noted that I was seen by medical staff and was treated for "swelling and abrasions" but the committee is not explicit as to what was swollen and where the "abrasions" were. I told them what occurred and that C/O Garcia hit me in my mouth. They saw my mouth. When I was explaining what all transpired from the incident, the med-tech that treated me before the doctor also examined me just so happens to walk in to the adjustment committee hearing. The med-tech is a white male about 50 years old and I believe his name is Costilla. (sic) The med-tech explained his findings and the doctor findings and also told the adjustment committee that he examined me in internal affairs office after Quarles and Tejeda called medical staff. The med-tech told adjustment committee my lip was burst and or split and was swollen and bleeding. The med-tech further stated that the doctor had to see me again a little later that day to see if my jaw had been fractured or whatever. The med-tech also told the committee that I had blood on my shirt from the incident and that internal affairs was looking into the matter. The med-tech also stated there were "injury reports" for their findings.

During the hearing at adjustment committee, I asked the committee if they had spoken to the witnesses (internal affairs officers Quarles and Tejeda), the committee claim that they would talk to them later at another time. I knew that the adjustment committee would not interview Quarles or Tejeda because they weren't concerned about the truth of the incident coming to light; they merely were focused on punishing and as a result I received 1 year seg, 1 year C-grade, 1 year commissary restriction, 6 months loss of contact visits and 3 months loss of good time. (They punished me in spite of what med-tech told them, in spite of what I said that corroborated med-tech's testimony and further more, they did not interview Quarles or Tejeda and they were listed on ticket as witnesses.)

I also told adjustment committee how Quarles and Tejeda's testimony was relevant. First of all, immediately after incident with Garcia I was taken down stairs to bull pen and internal officers showed up a couple minutes later. I/a (Quarles and Tejeda) took me up to their office and I gave my version of the incident. They witness my mouth and shirt with blood on it. These internal affairs officers confiscated the shirt after I saw the med-tech described above.

ILLINOIS DEPARTMENT OF CORRECTIONS
## COMMITTED PERSON'S GRIEVANCE

| Date: 8-17-07 | Committed Person: (Please Print) Michael Thomas | ID#: B71744 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☐ Medical Treatment
- ☐ Disability
- ☐ Other (specify): _____

☐ Disciplinary Report: ____/____/____
Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: (cont...) Thus, the internal affairs officers saw my mouth burst that was swollen and they within the bloody shirt. According to C/O Mercer the only contact we had whatsoever was when I allegedly spit on him. The adjustment committee acknowledged in their final summary report that I saw medical staff and was treated for "swelling and abrasions." The committee further noted that I told them that C/O Mercer punched me. Avalos and Tejeda claim that F-House has cameras ("3" supposedly.) Avalos and Tejeda said that would view the video to determine exactly what happened. I put this internal affairs investigators down as witnesses because 1) they saw my lip was swollen and burst; 2) my shirt had blood on it and they confiscated the shirt and; 3) the cameras would show C/O Mercer's tactics →

Relief Requested: _____

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____
Committed Person's Signature        ID#        Date
(Continue on reverse side if necessary)

---

### Counselor's Response (if applicable)

Date Received: ____/____/____
☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

_____
Print Counselor's Name        Counselor's Signature        Date of Response

---

### EMERGENCY REVIEW

Date Received: ____/____/____
Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

## Ex #15 (3 of 4)

_____
Chief Administrative Officer's Signature        Date

is a lie. The cameras would prove that C/o Garner attacked me. In spite of me telling the adjustment that I had listing them as witnesses on ticket, the committee did not interview either of these investigators with info of the incident. (Nowhere in the final summary Report does it mention the statement of the witnesses.)

Furthermore, I think that the adjustment committee erred because it appears that they relied on my "disciplinary history" more than the actual facts of this incident as to whether I actually did what C/o Garner alleged. Because I have found guilty of other "assaults" or "dangerous disturbance" does not mean that I am guilty of the charges for this incident. And more importantly, I don't think it's fair that I received nearly the max punishment when C/o Garner attacked me. If I'm guilty of spitting on him, I'm only guilty because he provoked me.

C/o Garner has manipulated the incident and got away with assaulting me. C/o Garner has changed the story and had be punished. This officer has proven again that inmates can be attacked by staff unjustifiably and the inmate is still punished with loss of good time and 1 year seg. The fearful part is that staff could easily lie on an inmate again, just as he did before, attack him again, and have the inmate get another year seg (if they don't kill the inmate)

I would like Onachi & Ogide interviewed as they were suppose to and questioned about this matter. I want a new hearing or a complete record before this grievance officer when dealing with (answering my grievance). I want this ticket to be expunged or at least the punishment modified due to circumstances. And I want C/o Garner to be fired and relocated somewhere else while I'm in stateville.

Furthermore, I would like this grievance officer to see why C/o Garner had to get medical treatment (according to final summary Report); for what spit? C/o Garner never said I touched him other than the alleged spit - what kind of treatment did he get? If I was a hard injury that would also infer what actually occurred (that he hit me unless I had some powerful spit according to him)

Lastly, I would like this grievance officer to be aware of the fact that the adjustment committee (in their final summary report) repeatedly referred to C/o Garner as "staff." This is not to be confused with other employees because nowhere on C/o Garner's ticket does it list any witnesses to this incident. The "staff" the committee is talking about is C/o Garner; not the "staff" nor any of that other than the fact that a Black elderly Sgt female witness C/o Garner up in my face harassing me. When I was cuffed up after the incident. The sgt had to personally restrain C/o Garner.

Again, I will send this grievance office the shakedown report from internal affairs that they marked as #08-002 when the library returns those documents. Thank you. End of grievance.

Ex #16



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Donald N. Snyder Jr.**
Acting Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

October 4, 2007

Mr. Michael Thomas
Register Number B-71744
Pontiac Correctional Center
700 W. Lincoln St., P. O. Box 99
Pontiac, IL 61764

Dear Mr. Thomas:

This will acknowledge receipt of your letter, wherein you request a copy of the results of your polygraph examination conducted on August 24, 2007.

Upon review, you will see the opinion of the Polygraph Examiner based upon your chart records for your examinations.

I trust this information has been responsive to your request.

Sincerely,

Larry L. Beck Jr., Commander
Investigations and Intelligence

LLB:ljg

Ex #16



Illinois State Police
Division of Forensic Services
Crime Scene Services Command
515 E. Woodruff Road
Joliet, Illinois 60432-1260
815-740-3543

Rod R. Blagojevich
*Governor*

August 28, 2007

Larry G. Trent
*Director*

INV. GRANT OGBURN
ILLINOIS DEPARTMENT OF CORRECTIONS,
INVESTIGATIONS UNIT
1301 CONCORDIA COURT
SPRINGFIELD, ILLINOIS 62702

Case # 15495-07-6079-12-4
Agency Case # C08-STA-014

OFFENSE:   BATTERY
SUBJECT:   MICHAEL THOMAS

## REQUEST:

At the request of Deputy Commander John Greenan, the above listed subject was examined by the polygraph detection of deception technique at the Stateville Correctional Center (C.C.), in Joliet, Illinois, on August 24, 2007.

## NATURE OF INVESTIGATION:

The purpose of this polygraph examination was to investigate whether the above listed subject, an inmate in the Illinois Department of Corrections (IDOC), was truthful with Investigator Ogburn when he reported that Correctional Officer (CO), H.B. Garner committed an act of Battery against him at Stateville C.C. According to the information provided to this examiner, the subject said that on July 18, 2007, C.O. Garner punched him in the face. He reported that he was brushing his teeth in his cell when he felt something hit him on his back. The subject said the object was a roll of toilet paper, which C.O. Garner reportedly threw, along with other hygiene items, into his room. When he confronted C.O. Garner, he said that the C.O. put his hand in his face and touched his upper lip. The subject reported that he moved the C.O.'s hand away and was then punched, twice, in the lip. He acknowledged that he did spit on C.O. Garner and was subsequently removed from his cell to be taken to Internal Affairs. C.O. Garner filed Workman's Compensation paperwork after the incident and reported that the subject swung at him and grazed his face.

## RESULTS:

Prior to the polygraph examination, the subject stated that on the date of the incident he was brushing his teeth when C.O. Garner threw some supplies in his cell and hit him with some toilet paper. He said he asked the C.O. why he didn't put the items on the ledge on the cell door, but claimed that C.O. Garner then "copped an attitude". At that time, he said the C.O. put his hand in his face and told him to go sit down. The subject then stated that he asked C.O. Garner to move his hand, but the C.O. then tapped him on his lip. He said the C.O. was trying to provoke him and said he then "touched" the C.O.'s hand to move it out of his face. The subject said that C.O. Garner then struck him twice in the face with a closed

ILLINOIS DEPARTMENT OF CORRECTIONS                     MICHAEL THOMAS
CSSC Case # 15495-07-6079-12-4           -2-              August 28, 2007

fist. He then stated, "And then I spit on him." At that point, the subject said that C.O. Garner told him, "You F'ed up now." He acknowledged that he did refuse to cuff up for C.O. Garner, but said he complied when a superior officer came to the cell and asked him to cuff up. When asked if he called C.O. Garner any names, the subject said he did and stated that they were arguing. He denied he ever called the C.O. a "pussy." The subject further denied that he swung at C.O. Garner at any time. The subject went on to say he suffered abrasions to his lip from being punched and that there was blood on his shirt from the injury.

There were no physiological responses, indicative of deception, on the subject's polygraph records when he answered the following questions:

1. Did CO Garner punch you in the face?
   Answer: "Yes."

2. On July 18, 2007, did you touch C.O. Garner's face with any part of your hand?
   Answer: "No."

It is the opinion of the examiner, based upon the polygraph responses, that the subject was not being deceptive when he answered the above listed questions.

There were erratic and inconsistent physiological responses on the subject's polygraph records when he answered the following questions:

3. On July 18, 2007, did C.O. Garner touch your lip with his finger?
   Answer: "Yes."

4. Was the injury to your lip caused by C.O. Garner hitting you?
   Answer: "Yes."

Due to the nature of the subject's responses, the examiner is unable to render a definite opinion as to his truthfulness to questions #3 and #4.

Respectfully submitted,

Harry C. Reed
Polygraph Examiner

# State of Illinois

# Illinois Department of Corrections

# Disciplinary Reduction Notification

## MEMORANDUM

**Date:** 3/27/2008

**To:** B71744 - THOMAS, MICHAEL          PON-W-01-02

**From:** Pontiac Correctional Center Records Office

**Subject:** Disciplinary Time Reduction

The following action has been taken on incident 200701439 / 2 - STA heard on 07/24/2007 at Stateville Correctional Center .

**Date Submitted:**  12/19/2007          **Date Approved/Disapproved:**  03/20/2008

**Recommended From:**  Prisoner Review Board

**Reduction Authorized By:**  Director's Office

**Offenses:**

      102 - Assaulting Any Person

      304 - Insolence

| Action Taken | Type of Discipline | Original Amount | Adjusted To |
|---|---|---|---|
| Approved | Good Conduct Credit | 3 Months | 1 Month |
| Approved | C Grade | 1 Year | 6 Months C Grade |
| Approved | Segregation Time | 1 Year | 6 Months |
| Approved | Commissary | 1 Year | 6 Months |

**Comments:**

Inmate Issues reduced discipline

Ex #18

**EDDIE  JONES , Warden**

**Illinois Department of Corrections**
**Mental Health Diagnostic and Treatment Note**

Offender Name: _Thomas, Michael_          ID# _B71744_

**REASON FOR REFERRAL:**
__ Initial Evaluation    __ Medication Review    __ Mental Health Level Change    __ Parole Clearance

__ Crisis Response    __ Group Note    _P_ 1:1 Note          __ Other

**SUBJECTIVE DATA:** This inmate reported the following mental health concerns during this interview:
_Patient reported that his mood was "o.k." and that the only thing that depresses him is when he doesn't get his commissary or hygiene products. Stated that he misses his children and hates being in segregation. Stated that he transferred from Pontiac and has 4+ years remaining on his sentence._

**OBJECTIVE DATA AND HISTORY:** Inmate was:

|  | Yes | No |  | Yes | No |
|---|---|---|---|---|---|
| alert: | ✓ | __ | oriented: | ✓ | __ |
| spontaneously verbal: | ✓ | __ | cooperative: | ✓ | __ |

**Affect**
( ) Flat, Blunted, Constricted
( ) Dysthymic, Tearful
( ) Agitated, Irritable
( ) Anxious
(✓) Euthymic/Appropriate affect

**Perceptual Distortions**
( ) Touch, Taste, Smell, Hallucinations
( ) Visual Hallucinations
( ) Auditory Hallucinations +/– command or distress
(✓) None apparent and/or none reported

**Suicidal/Homicidal**
( ) Current Suicidal Ideation:    Yes___ No ___
( ) Current Homicidal Ideation: Yes ___ No ___
(✓) Denied both

**Thought Processes/Content**
( ) Delusional _____
( ) Loose Associations/Disorganized/Rambling
( ) Illogical/Perseverative
(✓) No apparent thought disorder at this time

**Additional comments:**
_Affect appropriate – No psychiatric sxs noted – Mood changes are situational, Speech coherent c̄ no evidence of a thought disorder._

**Assessment/Diagnosis**

AXIS I: _Deferred_
AXIS II: _Antisocial Personality Traits_
AXIS III: _None Reported_

**SUMMARY AND TREATMENT PLAN:** Continue scheduling for mental health treatment/follow-up: ✓

Referred to psychiatrist: ____ Referred to group: ___ In need of crisis watch: ___ Discharge from mental health

treatment/follow-up: ___ Additional comments: _PRN_

Dena Traylor, Psy.D., Licensed Clinical Psychologist          Date _8/11/06_
**Stateville Correctional Center**

Distribution: Offender Medical File
DOC 0282
(Replaces DCA 7157)

ILLINOIS DEPARTMENT OF CORRECTIONS                    EX #20

### Offender Outpatient Progress Notes

### Stateville Correctional Center

Offender Information:

*Thomas*            *Michael*        ___  ID#: *B71744*
Last Name          First Name       MI

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 6/30/06 | 4 no te - Seen in FT one for initial evaluation | RTC 5 weeks |
| 10:00 AM | See DOC 0282 |  |
|  |  |  |
|  |  |  |
| 8/4/06 | pa note | |
| 11:25 A | 28 y/o AA m c/o bleeding | 1. pt advise / reassurance |
| OO (16) | gums, tongue, and lip over past | 2. new toothbrush |
|  | few weeks or so (2 wks.) ∅ | 3. warm salt gargles |
|  | other meds currently. Denies | 4. Tylenol 325mg |
|  | any other sx. States his tooth | # BID x 1 wk |
|  | brush is very hard and | 5 RTC prn |
|  | worn out |  |
|  | O = gen wd, wn, nad | R/Thomas pac |
|  | HC wnl |  |
|  | Heent = multiple abrasions, |  |
|  | small, gums noted, |  |
|  | frenulum |  |
|  | A = Trauma gums / frenulum | |

Distribution: Offender's Medical Record

*Printed on Recycled Paper*

EX #20

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

EX #21                                            EX #21

**\*BEGIN USING FROM BOTTOM UP**

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Thomas, Michael_ Reg. # _B71744_ Date: _8/17/06_

Problem _____

ORDER: (Physician's Signature After Last Order) _____

DEA/Illinois Lic. # _____ Physician (Print) _____
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417    Noted by: _____ Date: _____

F 213

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Thomas, Michael_ Reg. # _B71744._ Date: _8/4/06_

Problem _____

ORDER: (Physician's Signature After Last Order) _Tylenol 325mg # BID plus # 20_

DEA/Illinois Lic. # _____ Physician (Print) _____
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ M.D.
DCA 7000
IL 426-1417    Noted by: _____ Date: _____

NKA

F 213

**State of Illinois**
**Dept. of Corrections**

**PRESCRIPTION ORDER**
**Chart Copy (Not a prescription)**

Patient _Thomas Michael_ Reg. # _B71744_ Date: _6.9.06._

Problem _____

ORDER: (Physician's Signature After Last Order) _MOTRIN 400 mg TID - PRN x 2 m._

A/Illinois Lic. # _____ Physician (Print) _____
  ☐ May Substitute _____ M.D.
  ☐ May Not Substitute _____ M.D.

| Date | Service Rendered | D.D.S. Signature | Date | Service Rendered | D.D.S. Signature |
|---|---|---|---|---|---|
| 4/6/06 | Referral Exam CC — I keep biting my cheek on the lower right side. Tx- Extract PA #29 horizontally impacted #32 partially impacted #18 buccal/lingual collapse slightly onto line of occlusion causing cheek biting. No ulceration. Night hyperkeratosis on buccal mucosa adjacent to #32. Adjust #32 at occlusal surface. Pt will recall. NV- PRN | [signature] | 8/11/06 | Refer to [illegible] Dr. [signature] 8/23/06 | [signature] | [signature] |
| 8/17/06 | Referral Exam CC- Bleeding gums Tx- Exam / three [illegible] of [illegible] himself at #19 area of #19 that [illegible] gross [illegible] if possible dx received X-rays. OH Given    RX Motrin 400mg NV- PRN | [signature] | 8/17/06 | On list Reviewed w/ patient about dental policies and procedures. Pt was counsel about [illegible] of [illegible] cleaning + [illegible] gross [illegible] to [illegible] but P.O. care that is given [illegible]. Pt advised of importance of [illegible] our [illegible] hygiene, contact to his dentist [illegible] | [signature] |

| Date | Service Rendered | D.D.S. Signature |
|---|---|---|
| 8/11/06 | Re-evaluated pt and change of [illegible] Receive [illegible] above due to [illegible] (awake [illegible] naturally on lip). NV- PRN | |
| 2-9-07 | S. c/o Headache Rt side of face. O - #32 horizontal impaction. A - P.A. x-ray #17 Ozone done. Headache not related to teeth. Pt needs evaluation by physician. P- Pt declined eval of #1,32 at this time. Tylenol 325mg NV- C. Scale | [signature] |

DC 7126 (Rev. 10/87)
IL 426-0018

Ex #22