UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT
OF ILLINOIS FOR THE EASTERN DIVISION

FILED
Aug 8, 2008
AUG 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Michael Thomas, )
Plaintiff, )
)
)
v. )
) 08cv4535
) JUDGE CASTILLO
H.B. Garner, et al., ) MAGISTRATE JUDGE VALDEZ
Defendants. )

### MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT

NOW COME plaintiff, Michael Thomas, pro se, filing this said Memorandum of Law in Support of Complaint. Plaintiff now state as follow:

The federal constitution prohibits punishment that is "totally without penological justification." Gregg V. Georgia, 428 U.S. at 183, 96 S.Ct. at 2929. In turn, penal conditions may not "deprive inmates of the minimal civilized measures of life's necessities." Rhodes V. Chapman, 452 U.S. at 347. Complaints of prisoners stating prison officials have caused inhumane, or unsanitary conditions, when properly pled, states a claim for action and or relief. Johnson V. Pelker, 891 F.2d 136 (7th cir.1989) When determining whether prison officials acts or omissions were in fact unconstitutional, a federal Court will look to see whether the officials were aware of the alleged complained issues, how those officials responded to same, and whether the matter was only an "isolated incident." Harris V. Fleming, 839 F.2d 1232, 1234-5 (7th cir.1988) The Court will also determine, if by chance, only a "short term deprivation" or "delay" existed before officials corrected the problem. Caudle-El V. Peters, 727 F.Supp.1175, 1180-81 (N.D.ILL.1989)

In this current matter, defendants only provided plaintiff with a couple of small bars of soap only on 2-3 occasions over a period of about 5-6 months. The combined amount of soap received by plaintiff altogether was no more than 2 regular bars of soap. (Stateville C.C. makes soap that are only 1/3 of average size bar of soap.) Plaintiff was not given any more soap in nearly 1/2 of one calendar year. **Plaintiff did not receive any other cosmetic items such as toothpaste, toothbrushes, shampoo, or deodorant, et cetera**, until plaintiff was about to leave F-House unit at Stateville prison. Deprivation of such hygiene items for such a duration of time was in fact unconstitutional. Kimbrough V. O'Neil, 523 F.2d 1057, 1059 (7th cir.1975), on rehearing, 545 F.2d 1059 (7th cir.1976)(en banc); Chandler V. Baird, 926 F.2d 1057, 1063-65 (11th cir.1991)

Plaintiff was also compelled to live in a cell with a damaged window, causing rain to get into cell frequently, and on his person. Officials did not have the broken window refurbished and disregarded plaintiff's repeated complaints. Prison officials have a duty to provide all prisoners with basic necessities of life including adequate food, clothing, shelter, sanitation, medical care, and personal safety. Williams V. ICC Committee, 812 F.Supp.1029; Hoptowit V. Ray, F.2d 1237, 1246 (9th cir.1982), on appeal, after remand, Hoptowit V. Spellman, 753 F.2d 779 (9th cir.1985)

In this particular case, prison officials refused to repair the window, but punished thereafter with disciplinary action for trying to keep the cold air and rain from out of the cell when plaintiff covered a blanket over the window. (see complaint) The defendants also refused to provide adequate hygiene items, cleaning supplies, and stationary supplies because accordingly to defendants, Stateville C.C. was on a "budget." (see complaint and exhibits attached thereto, including grievances where the defendants stated same.) However, the law is clear: "a sanitary enviroment is a basic human need that a penal institution must provide for all inmates." Toussaint V. MacCarthy, 597 F.Supp.1388, 1411 (N.D.Cal.1984); Schmitt V. Crist, 333 F.Supp.820, 822 (E.D. Wis.1971); also see **Justice Brennan concurring opinion** in Rhodes, Supra, 452 U.S. at 355, 101 S.Ct. 2404 (noting "there could be no constitutional permissible justification for intentionally depriving a prisoner of the most basic materials for maintaining personal hygiene.")

Due to defendants not providing adequate hygiene items, plaintiff had to use an old worn out toothbrush that damaged his gums and lips, or use nothing. When plaintiff did use that toothbrush, it caused needless pain and suffering which defendants could have easily prevented, but would not do so. Plaintiff was a pauper and because of such, plaintiff could not buy needed hygiene items on his own. To worsen matters, officials confiscated 100% of plaintiff's money, thus, literally, making plaintiff desperate when he sold/traded meals that the State provided three (3) times a day. **No person should have to deprive himself/herself of nutrition.** Defendants acts and omissions were simply unconstitutional and flagrant in a civilized society.

In 1791 the Framers also made explicit that the 8th Amendment to the United States Constitution forbid cruel and unusual punishment. The unnecessary and wanton use of force is one of the primary forms of punishment that was devised to be unlawful more than two (2) centuries ago. Our United States Supreme Court held that although officials may use force, it may only be "applied in a good-faith effort to maintain or restore discipline." "Force may not be used maliciously and or sadistically to cause harm, or in bad-faith." Hudson V. MacMillian, 503 U.S.-,112 S.Ct. 995, 998-99 (1992); Whitley V. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)

Defendant Garner's actions were definitely malicious and sadistic. Id. Garner initiated the incident, was the aggressor, threw several things at plaintiff, put his hands in plaintiff's face, pushed plaintiff with his finger, and then struck plaintiff twice in plaintiff's face when plaintiff told Garner that plaintiff was going to report Garner to the proper authorities. There was/is justification for Garner's actions; Garner even lied to investigators who were investigating Garner and then Garner proceeded to lie on plaintiff to save his job and to try to prevent authorities from charging Garner with battery against the plaintiff.

When there is no need for force, the constitution may be violated by relatively small amounts of force. Brown V. Triche, 660 F.Supp. 281, 186 (N.D.ILL.1987) The extent of an injury is only one factor to be considered: The question rather is whether the force that caused the injury was justified under the circumstances. If the force was excessive, or unreasonably applied, the constitution was violated. Felix V. MacCarthy, 939 F.2d 699, 702 (9th cir.1991); Howard V. Barnett, 21 F.3d 868, 872 (8th cir.1994); Romano V. Howarth, 998 F.2d 101, 106 (2d cir.1993)

Defendant Garner's actions clearly indicated malice. Hill V. Shelander, 992 F.2d 714, 717 (7th cir.1993); Oliver V. Collins, 914 F.2d 56, 59 (5th cir.1990); Lewis V. Downs, 774 F.2d 711, 714 (6th cir.1985) Further more, defendant Garner's deception to investigators that were investigating his misconduct demonstrated his elusiveness to be brought to justice after breaking plaintiff's teeth and bursting plaintiff's mouth open.

In sum, defendants violated the federal constitution. Plaintiff, Michael Thomas, acting pro se, now respectfully incorporates this Memorandum of Law in Support of the Complaint per 42 USC section 1983.

                                               **Respectfully Submitted,**

                                               */s/ Michael Thomas*
                                               Plaintiff, pro se


Michael Thomas
Prison Reg.No.B-71744
Menard Correctional Center
711 Kaskaskia st.
P.O. BOX 711
Menard, Illinois   62259

**E X H I B I T S   T O   C O M P L A I N T S**

**E X H I B I T S   T O   C O M P L A I N T S**

## Affidavit

I, Frank Taylor, swears under oath and declare under the penalty of perjury that all facts stated below in this affidavit is true to the last of my knowledge. I further stated that:

1) I am a inmate in stateville correctional center.

2) I was recently transferred to stateville from Menard Correctional center in or around April, 2006.

3) Sine I have been here in stateville Lt. Burzkowski and the Sgt has denied me yard to Lt. Burzkowski said we are not entitled to yard although I have always been allowed yard at other prison.

4) Since I have been in stateville Lt. Burzkowski has denied me from having recreation in F-House Seg Unit.

5) Since I have been here. I have also noticed that poor inmates without money are not given indigent Bags such as personal Hygeince items.

6) We are given soap most of the time but we don't recieve toothpaste, toothbrush, deoderant, shampoo, or items to clean the cell.

→

7) a lot of roaches are in our cell because the rooms are dirty and guards do not pick up our trash or food trays after we eat. These food trays stays in our cells over night to the next day.

8) Lt. Burzkowski have been denying to move me out of a cell that I have been in for three weeks now with the window broken out and glass all over the cell I want to be moved out of this cell.

This affidavit is taken in good faith. I further declare that all matters are true in facts and are pursuant to 18 USC 1621, 735 ILCS 5/1-109, and 28 USC 1746.

Signed on 6-20- 2008

Frank Taylor #N-83104
Affidavit

## AFFIDAVIT

I, Karl Haywood #R-40742, state and declare under the penalty of perjury that I am the Affiant. I further declare under oath that the below stated facts are true and that:

I am an inmate in custody at the Stateville Correctional Center in Joliet, Illinois.

I have been in the F-House segregational Unit at this Stateville penitentiary for a few months and was previously here before leaving on a court writ.

Since I have been in F-House, myself and other inmates have not been allowed to clean our cells because prison employees do not pass out any kind of cleaning supplies.

Prison employees also fail to pass out cosmetic items to inmates in segregation status even if we don't have money to buy these cosmetic items ourselves from the inmate commissary.

I have made complaints and filed grievances about these issues as well as the roach and mice infestation problem to guards and Lt. Buczkcowski. I have also informed Counselor Baldwin and the other Counselor Buctiwickz.

I'm not the only inmate that has made complaints about these concerns to staff. Other inmates including inmate Donnie Toney and Michael Thomas complained of these same issues and we are still being denied cleaning supplies and cosmetic hygiene items.

Inmates in segregation status in the F-House Unit at Stateville are not provided with deodorant, toothpaste, shampoo, toothbrushes, or cleaning supplies at all. We get soap but not enough! This soap is only passed out every blue moon and we only get 1 or 2 bars and these soaps are half the size of a cigarette.

The trash and food trays are left in our cells all day long. The food trays and trash stay in our cells over night. When we wake up in the morning at breakfast time, roaches and other insects and bugs are eating left over food in the food trays and trash.

I'm making this affidavit because it is the right thing to do. I don't want to get sick because of these unsanitary living conditions. Nor should anyone else have to live like this or get sick because of these filthy conditions. Nor should we be denied hygiene items or cleaning supplies.

This affidavit is pursuant to **735 ILCS 5/1-109** and all facts are

true to the best of knowledge and is declared under oath and under the penalty of perjury. If called to testify before any Court of Law or other Government officials or establishments, I am competent to testify to what is described in this affidavit.

Signed on today, August 25, 2006

*Karl Haywood*
Karl Haywood #R-40742
Cell#215, Stateville CC
F-House Unit.

# Affidavit

I, Michael Threlkeld #K-00117, declare under oath and under the penalty of perjury that I am the affiant and that all matters and events stated in this affidavit is true to the best of my knowledge. I further state;

1.) That I have been incarcerated at Stateville C.C. for 5 years and that I am still being incarcerated here at Stateville.

2.) That I have been in F-house in Stateville for about 3 months.

3.) That since I have been here in F-house, I have witness prison employee's only pass out toothpaste and deodorant to a couple of inmates only on a couple occasions.

4.) That inmates who are definitly indigent are not provided any personal hygiene items regularly other than state soap.

5.) I have witness many inmates including inmate, Michael Thomas, complain about not having money on their personal account and that prison staff are not providing him or the other inmates with toothpast, shampoo, deodorant, toothbrushes or other cosmetic items.

6.) I have also witness Michael Thomas ask Law Library staff for writing and legal supplies and he was only given about 10# sheets of paper.

7.) I have witness with my own eyes and ears, Mr. Thomas have to sale his state food (3# meals dayly provided by the state.) just to obtain toothpaste, deodorant and other hygiene items by giving his food to other inmates.

8.) I've witness inmate Thomas sell his state food also for ink pens, paper and other writing and legal supplies

9.) I've witness Mr. Thomas make an also bring up the stated facts to several correctional officers, Sgt's, Lt. Buskovski and counselor P. Kripetrick.

10.) Prison officials told Thomas that they were either out of supplies or that he should stay out of segregation and get a job.

11.) I've also witness Thomas complain about his cold water not working, his electricity constantly being out and that something on the window of his cell was broke and causing rain and cold air to come into his cell. Prison staff constantly would pay no mind and say that they would look into it but the problems with to his cell would never be fixed.

12.) I've also witness these same staff members deny him yard recreation like other inmates are allowed. The Lt. Buskowski said that inmates do not have a right to go to yard.

13.) Since I've been here in F-house, I have also noticed that prison staff keeps our food trays in our cells all day and over night causing a tremendous roach problem. We are fed lunch at about 10:30 A.M. and then food trays are not picked up until well after 5:00 p.m. Next, usual after about 5:00 p.m., we are given dinner and food trays are once again not picked up until 9 hours later at 4:00 A.M.

4)

4) Because of the food trays being in our cells for so many hours in the day time as well as at night, our cells are filled with roaches and rodents.

5) Prison staff members do not provide cleaning supplies for our cells and our cells stay dirty.

6) I'm filing this affidavit in good faith because of the unsanitary living conditions.

7) I'm also filing this grievance because inmates should not have to trade or sell their only food (which is provided by the state) to other inmates just for basic human needs such as personal hygiene items.

I further declare under penalty of perjury and pursuant to 735 ILCS 5/1-109 that all facts, matters and events described in this affidavit is accurate and true to the best of my ability. If called to relate these matters to higher prison officials or any courts of law, I am competent to testify to the contents of this affidavit.

Signed & Sworn to
Before me this 23rd day
of June 2008
Crystal L. Mason

[OFFICIAL SEAL
Crystal L. Mason
Notary Public, State of Illinois
My Commission Exp. 11/10/2008]

Dated on 10/23/006
Michael Threlkeld
Michael Threlkeld #K80117

## AFFIDAVIT

I, Edwin Martinez, declare under the penalty of perjury and under oath that I am the Affiant. I declare that all facts, substances, and events stated in this Affidavit is true to the best of my knowledge. In furtherance I state as follow;

That I am currently incarcerated at this Stateville correctional center and have been here for or about 2 1/2 years.

That I have been residing in the F-House Unit in this Stateville institution as of the date of this Affidavit and has previously resided here as well.

That all times that I was located in the F-House Unit that prison employee's have not passed out any cleaning supplies for our cell or passed out any shampoo, deoderant or toothpaste.

That prison employee's do pass out toilet paper weekly and sometimes they pass out soap but not regularly and the bars of soap that they do pass out as very small (1/3 of a normal bar of soap) and we only get 1-2 bars and we won't get soap for another few weeks.

Various inmates have made complaints about this, including myself and Michael Thomas, and staff has not done anything about this.

I have also witness a serious roach infestation problem at this prison because of lack of cleaning supplies and partly due to the fact that our food trays are left in our cells all night and all day after meals instead of prison employee's picking up the trash or trays in a timely manner.

I have also witness and experience problems with the cell window in my cell. (#213 in this F-House Unit) The cell window does not have latches on the window, which are suicide windows, so rain does come in the cell unless we tie the window up with a sheet or a blanket cover or with torn sheets or clothing but if we do so we will be disciplined by staff but they won't fix the window or at least have someone else fix it.

Last time that I was in this F-House Unit, another cell that I was in had broken windows and it was in the middle of winter and it was extremely cold inthe cell.

This Affidavit was made in good faith. All matters stated herein are true and pursuant to 735 ILCS 5/1 109, 28 USC 1746, 18 USC 1621 and if called to testify or to relate these facts stated in this Affidavit, I am competent to testify to matters in this affidavit.

Signed 8-7-06

*Edwin Martinez* (signature)
Edwin Martinez #R-27255

AFFIANT

## Affidavit

I, Donnie Toney #K-80660, declare under oath and under penalty of perjury that all facts stated in this affidavit is true to the best of my knowledge. I further declare and state:

1.) That my name is Donnie Toney and I am a inmate at Stateville Correctional Center.

2.) That I am currently being housed in the F-House unit at Stateville prison.

3.) That I have been in F-House for 9 months.

4.) That since I have been F-house, I was forced to go without any underwear, socks or cosmetic's for months. 2

5.) The prison official's did not give me any kind of personal hygiene products except soap on a couple of occasion.

6.) That I have only recieved soap on a few occasions and I have not recieved any other hygiene item and at those times I did not have any money to buy my own hygiene products.

7.) I also made these things known to guards, Lt's and counselor's and I was forced to still go without these item's.

8.) I also witness other inmate's, including my next door neighbor, Michael Thomas, complains about not haveing personal Hyguine Item and prison staff ignored Him Too because we don't get any Hyguine Item other than soap And Also we only gets soap once a month, if that and The one bar of soap is very small. And we don't get Any other Hyguine Item At All.

9.) On a few occasion The Counselor Burkeninty told us To stop complaining About not Haveing Things To Take Care of our personal Hyguine.

10.) Other guards claim Stateville was on a budget And That's why They haven't pass out personal hyguine item.

11.) Also we are denied cleaning supplies in our cells and staff does not clean Them so we have Roaches, spiders And other bugs I haven't seen before in my cell.

12.) Even Though we are not allowed cleaning supplies in spite of All The Roaches, And other bugs in our cells, guards do not pick up our food Trays until Breakfast, causing The bugs And Roaches To feed in our cells. our cells are packed with Roaches And bugs. Them Roaches And bugs Always climb on us And Also eat our food.

I'm filing this Affidavit in good faith to remedy the Living conditions of this cell house. All matters stated in this Affidavit is True in substance and in fact pursuant to 735 ILCS 5/1-109. If called to testify about this Living conditions, I am competent

Signed Today _ 8-28- 2006

Respectfully submitted,
Donnie Toney
I.D. B-80660

## A F F I D A V I T  (#A)

I, Michael Wright, declare under the penalty of perjury and under oath that all facts stated in this affidavit is true to the best of my knowledge. I further state as follow;

1) That I am currently an inmate at this Stateville correctional center in Joliet Illinois.

2) That since I have been transferred to this Stateville prison that I have witness prison staff only give inmates small bars of soap and toilet paper.

3) That Prison staff at this Stateville correctional center does not provide toothpaste, deodorant, shampoo or cleaning supplies to inmates in this F-House Unit who are indegent and cannot buy these hygiene items at the prison commissary.

4) Prison officials do not always provide soap for indegent inmates also.

5) Prison staff do not allow inmates to clean our cells or provide necessary cleaning items to do so ourself.

6) Prison staff keep trash in our cells including food trays over night and for hours causing our cells to be packed with roaches and rodents.

7) I have also witness inmates such as my cell-mate, Michael Thomas, and numerous other inmates have to sell food provided by the state just to get cosmetic items to take care of their personal hygiene to other inmates because they did not have any money to buy toothpaste and deodorant or other hygiene items.

8) I have also witness prison officials deny inmates including Michael Thomas from going to the yard for recreation when other inmates are allowed to go.

I further state and declare that this affidavit is taken in good faith and pursuant to 735 ILCS 5/1-109, 18 USC 1621, and 28 USC 1746 and that all facts and events are true in all substances to the best of my knowledge.

Signed June 18, 2006

[signature] R-48503
A F F I A N T

<u>A F F I D A V I T</u>                              (#B)

I, Michael Wright, declare under the penalty of perjury and under oath that all facts stated in this affidavit is true to the best of my knowledge. I further state;

1) I am currently being incarcerated at Stateville correctional center.

2) That since I have been residing at this Stateville facility I have been in cells that either have broken windows or have no latches on the windows to keep them closed.

3) Because of the broken windows and broken latches, myself and other inmates have to deal with chilly or cold weather when the temperature drops at night.

4) We are also subject to rain inside our cells because the windows have either been broken or have no latches to keep the windows closed.

5) My cell-mate, Michael Thomas, has made several complaints about our windows because of the broken latches and no one has came to fix them.

6) We have also experienced problems with our cold water going out and our electricity not working, all of which we have told prison staff about because Michael Thomas was making complaints over these same issues about this cell (#213 in F-House) before I was moved in this cell.

7) Because the windows bring in cold air at night and does not prevent rain from coming in the cell, Michael Thomas, had to tie a blanket on the window in our cell to avoid rain and cold air from coming in our cell.

8) I never put anything on the window at any time but the blanket on the window does stop the rain from damaging our property and from getting on us.

I further state and declare that this affidavit is taken in good faith and is pursuant to 735 ILCS 5/1-109, 18 USC 1621, and 28 USC 1746 ant that all facts and events are true in all facts and substances to the best of my knowledge.

                                        signed on June 18, 2006

                                        [signature] #R-48503
                                        A F F I A N T