# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4535 | **DATE** | August 15, 2008 |
| **CASE TITLE** | Michael Thomas (B-71744) v. Garner, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; Plaintiff must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action. Failure to comply within thirty days of the date of this order will result in denial of leave to proceed *in forma pauperis* and summary dismissal of this case. The Clerk is directed to provide Plaintiff with a blank i.f.p. petition along with a copy of this order. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**                                                               Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his constitutional rights were violated while he was housed at Stateville Correctional Center when he was: physically assaulted by a correctional officer, denied basic hygiene items, and required to stay in a cell with a broken window that allowed in cold air and rain.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this Court. Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The financial affidavit includes a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition is not certified.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit. The Clerk will provide the plaintiff with a blank i.f.p. application. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

JJD